**Gerald BUSH, Plaintiff,**

v.

**CITY OF PHILADELPHIA, Philadelphia Police Department, and F. Giacoello, Defendants,**

No. Civ.A. 04–5776.

United States District Court, E.D. Pennsylvania.

April 7, 2005.

Gerald Bush, Philadelphia, PA, pro se.

Robin B. Arnold, City of Phila. Law Dept., Philadelphia, PA, for Defendant.

*EXPLANATION AND ORDER*

ANITA B. BRODY, District Judge.

## I. Introduction

*Pro se* plaintiff Gerald Bush ("Bush") brings this civil rights action against the City of Philadelphia, the Philadelphia Police Department, and F. Giacoello.[1] His complaint alleges incidents of prosecutorial misconduct in violation of Pennsylvania law and various provisions of the United States Constitution and the Pennsylvania Constitution. Defendant City of Philadelphia has moved to dismiss plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, I will grant defendant's motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the complaint involves matters arising under the Constitution of the United States.

## II. Background

These are the facts as presented by the complaint and exhibits[2] filed by Bush. In May 1986, Bush was convicted of robbery, conspiracy, and possession of an instrument of crime and was sentenced to five to twenty years of incarceration. (Mot. Ex. 1 at 1.) At some point, Bush was released on parole. (*Id.*) While on parole, he encountered the principal witness against him. (*Id.*) She explained that she identified him only because the police showed her his picture and said that he was the person who robbed her. (*Id.*) On or about November 28, 2003, after speaking with the principal witness about the photograph identification, Bush filed a petition seeking post conviction relief, alleging newly discovered evidence.[3] (*Id.*) According to the complaint, "the Judge held a discovery hearing for the District Attorney to turn over exculpatory evidence, this evidence would have proved my innocence." (Compl.) It is unclear from the complaint which court presided over the discovery hearing. Bush sought evidence that the police presented Bush's photograph to the principal witness and told her that Bush was the person that robbed her. (*Id.*)

Bush argues that the witness's statement to him about the photograph identification constituted newly discovered evidence. (Mot. Req. Appointment Counsel at 9[4]). He also argues that the photograph identification was coerced and that

---

1. The summons were returned unexecuted as to defendants Philadelphia Police Department and F. Giacoello.

2. Bush filed a document with the heading "Motion," but he labels the contents of the document "Exhibit 1" and "Exhibit 2." As discussed in the Standard of Review section *infra,* I will treat this "motion" (Docket No. 2) as an exhibit to the *pro se* complaint. I will also look at plaintiff's Motion to Request Appointment of Counsel to inform my inferences from the complaint, but I draw no additional facts from that motion.

3. It is unclear whether Exhibit 1 within the Motion (Docket No. 2) was filed in support of the petition for post conviction relief, but that *exhibit is a motion seeking discovery of exculpatory evidence.*

4. I am citing the ninth page of eleven as my copy of the pages are ordered. It is between the form page numbered "5" and the form page numbered "6."

the manner of the photograph identification was exculpatory evidence that the government was required to reveal to Bush. (*Id.*) Bush argues that the photograph identification that the police used was unconstitutional and that the police violated the law by failing to give defense counsel exculpatory evidence. (Compl.)

### III. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A court may dismiss a complaint only if it appears that the plaintiff "could prove no set of facts that would entitle him to relief." *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must accept all of the plaintiff's allegations as true and attribute all reasonable inferences in his favor. *Id.*

■■■ Because plaintiff has "filed his complaint *pro se,* [I] must liberally construe his pleadings, and ... apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir.2003) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). " 'Liberal construction' of *pro se* pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston*, 363 F.3d at 234 (citations omitted).

■■ "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' " *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis omitted). Any critical matter raised in plaintiff's accompanying documents could characterized in one of two ways: first it could be characterized as an argument that one might reasonably infer the critical matter from allegations in plaintiff's complaint; or, second, if it is impossible to make such an inference from the four corners of the complaint, it could be characterized as a matter for which plaintiff should be granted leave to amend his complaint to cure any deficiency. *See Alston*, 363 F.3d at 235.

Keeping in mind my responsibility to construe *pro se* complaints liberally, I will consider the following submissions by Bush as a part of his complaint for purposes of deciding defendant's motion to dismiss: a "Motion," which includes two exhibits (Docket No. 2); and an "Exhibit" (Docket No. 5).[5] In addition, I will look to Bush's "Motion to Request Appointment of Counsel" with attached documents (Docket No. 6) to inform my reading of the complaint. *See, e.g., Thorpe v. Dohman*, No. Civ.A.04–CV–1099, 2004 WL 2397399, at *2, 2004 U.S. Dist. LEXIS 21495, at *5 (E.D.Pa. Oct.22, 2004); *Donhauser v. Goord*, 314 F.Supp.2d 119, 121 (N.D.N.Y. 2004) ("[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider mate-

---

5. The "primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff"-is therefore not implicat-

ed. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d 280, 287 (3d Cir.1999) (internal quotations omitted).

rials outside of the complaint to the extent they 'are consistent with the allegations in the complaint' ").

## IV. Discussion

Bush states in his complaint that he seeks relief under the Due Process Clause of the United States Constitution and the Pennsylvania Constitution as well as under Pennsylvania law. Although the complaint does not set forth the claims with much specificity, it is apparent that Bush did not intend for this action to be a petition for habeas corpus, because he has separately filed a petition for habeas corpus, which is before Judge R.F. Kelly. *Bush v. City of Philadelphia,* No. 05-cv-873 (E.D. Pa. filed Feb. 25, 2005). The complaint in the present action, construed liberally, challenges the constitutionality of Bush's conviction under 42 U.S.C. § 1983.

■ Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2003). To establish a claim under section 1983, plaintiff must show that defendants "1) were state actors who 2) violated his rights under the Constitution or federal law." *Benn v. Universal Health Sys., Inc.,* 371 F.3d 165, 169–70 (3d Cir.2004) (citations omitted). Defendant City of Philadelphia does not dispute

that it is a state actor. The remaining question is whether defendants violated plaintiffs' rights under the Constitution or federal law.

In all of the materials Bush has filed, he speaks of his trial and resulting incarceration as the consequences of the photograph identification and the failure of the prosecution to turn over exculpatory evidence. Therefore, the violations that could underlie Bush's section 1983 claim are malicious prosecution or unconstitutional conviction or imprisonment.

■ Bush does not have a claim for malicious prosecution. If a plaintiff can set forth the elements of common law malicious prosecution [6] along with "some deprivation of liberty consistent with the concept of 'seizure,'" plaintiff has clearly demonstrated a violation of the constitution. *Brockington v. City of Philadelphia,* 354 F.Supp.2d 563, 569 (E.D.Pa.2005) (citations omitted). Third Circuit law is unclear as to whether all of the elements of a common law claim for malicious prosecution must be met in a section 1983 malicious prosecution claim, but, at a minimum, a plaintiff must allege "termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In the present case, Bush has not alleged that the criminal proceeding ended in his favor. To the contrary, his exhibits indicate that he was convicted, the conviction was affirmed on appeal, and a petition for allocatur was denied. (Mot. Ex. 1 at 1.) Furthermore, his complaint refers to a post conviction hearing, which means that there was a conviction. (Compl.) Therefore, the criminal proceed-

---

**6.** The common law elements of malicious prosecution are the following: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated with-

out probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 791 (3d Cir.2000).

ing did not end in Bush's favor and there is no claim for malicious prosecution.

■ Bush does not have a claim for unconstitutional conviction or imprisonment. In *Heck v. Humphrey*, the Supreme Court wrote:

> We hold that, in order to recover damages [7] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364. In other words, if a judgment in plaintiff's favor implies the invalidity of his or her conviction or imprisonment, plaintiff must show that the conviction or sentence was reversed or in some way declared invalid by an authorized tribunal. If a judgment in favor of the plaintiff in a section 1983 action would not "necessarily" imply the invalidity of his conviction or sentence, the Court in *Heck* held:

> [T]he § 1983 plaintiff must prove not only that the [allegedly unconstitutional action] was unlawful, but that it caused him actual compensable injury . . . which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Heck*, 512 U.S. at 487 n. 7, 114 S.Ct. 2364.

In the present case, regardless of whether a judgment in favor of Bush would necessarily imply the invalidity of his conviction or sentence, his complaint must be dismissed at this time. If judgment in Bush's favor in the present case would necessarily imply the invalidity of his conviction or sentence, then the complaint must be dismissed, because Bush's allegedly unconstitutional conviction has not been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 487, 114 S.Ct. 2364. If judgment in Bush's favor in the present case would not necessarily imply the invalidity of his conviction or sentence, then he can only recover if he can prove that the photograph identification and the failure to turn over exculpatory evidence caused him actual, compensable injury other than being convicted and imprisoned. He has made no such allegations and none can be inferred from his exhibits or complaint. Therefore, his action must be dismissed.

## V. Conclusion

Assuming that all facts presented by plaintiff's complaint and accompanying exhibits are true, plaintiff has still failed to state a claim upon which relief can be granted. Defendant the City of Philadelphia's motion to dismiss is granted.

### *ORDER*

AND NOW, this *7th* day of April 2005, it is **ORDERED** that defendant City of Philadelphia's motion to dismiss the complaint (Docket No. 11) is **GRANTED**.

---

**7.** Although Bush does not expressly state that he is seeking damages, it is clear that he has no legal remedy under section 1983 for immediate or speedier release from confinement, because habeas corpus is the exclusive remedy for state prisoners challenging confinement and seeking release. *Wilkinson v. Dotson*, —— U.S. ——, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *see also Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).