**ALD-233** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1906
_____

GERALD BUSH,

Appellant,

v.

PHILADELPHIA POLICE DEPARTMENT;
PHILADELPHIA PRISON SYSTEM; THE ATTORNEY
GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 10-cv-01104)
District Judge: C. Darnell Jones, II

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
July 1, 2010
Before:   SLOVITER, AMBRO AND SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed : July 19, 2010 )

_____

OPINION

_____

PER CURIAM

Appellant Gerald Bush filed an <u>in</u> <u>forma</u> <u>pauperis</u> civil complaint in United States

1

District Court for the Eastern District of Pennsylvania against the Philadelphia Police Department, Philadelphia Prison System, and the Pennsylvania Attorney General in connection with his conviction in 1986 for robbery and related crimes, and his resulting sentence of 20 years imprisonment. Bush alleged that the Philadelphia Police fraudulently concealed exculpatory evidence from the prosecutor, the judge, and defense counsel. According to Bush, the police showed his photograph to eyewitness Darlene Roberts and told her Bush was the person who robbed her. He further alleged that he had suffered "collateral consequences" from the conviction in that he had lost his job and the right to vote, and he cannot serve on a jury. Bush contended that, because the police fraudulently concealed evidence, the statute of limitations was tolled and res judicata did not apply. He sought $700,000,000 in compensatory and punitive damages.

The District Court granted Bush leave to appeal in forma pauperis and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B). Bush then submitted an amended complaint, in which he noted that habeas corpus relief was not available to him because he was no longer in custody; a section 1983 complaint was his only chance for relief, and he had filed for habeas relief four times without success while he was still in custody. In an order entered on March 22, 2010, the District Court dismissed the amended complaint "pursuant to 28 U.S.C. § 1915(e)(B)(ii), as barred by the statute of limitations and precluded under the doctrine of *res judicata*." In the margin, the court set forth three of Bush's prior cases: Bush v. City of Philadelphia, D.C. Civ. No. 09-cv-04798; Bush v. City of Philadelphia, D.C. Civ.

2

No. 04-cv-05776; and Bush v. City of Philadelphia, D.C. Civ. No. 10-cv-00640. The court's order concluded with this injunction: "The Clerk of Court is directed not to accept any further complaints, motions, letters, memoranda, or any other documents that Plaintiff files against Defendants, except for a Notice of Appeal, unless he secures prior approval from the Court."[1]

Bush appeals. Our Clerk advised the parties that we might act summarily to dispose of this appeal, see Third Cir. LAR 27.4 and I.O.P. 10.6, and asked for responses. Bush has submitted five separate responses, which we have considered.

We will summarily affirm the order of the District Court to the extent the court dismissed Bush's civil complaint under the in forma pauperis statute, because it clearly appears that no substantial question is presented by this appeal. Third Cir. LAR 27.4 and I.O.P. 10.6. See also 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that – *** (B) the action or appeal – *** (ii) fails to state a claim on which relief may be granted"). Bush's civil complaint addressed his allegedly unfair trial and resulting incarceration, the consequences, he contends, of a tainted photographic identification. He sought explicitly to bring his action under 42 U.S.C. § 1983, alleging a malicious prosecution and an unconstitutional conviction and sentence. But Heck v. Humphrey, 512 U.S. 477 (1994), holds that a prisoner's civil rights suit for damages or

---

[1] This same injunction was entered in Bush v. City of Philadelphia, D.C. Civ. No. 10-cv-00640.

3

equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. 512 U.S. at 486-87. Bush's conviction has never been invalidated. Heck's favorable termination rule applies "no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). Success in the instant action would necessarily demonstrate that Bush's conviction was not valid. Although Bush is no longer in custody, because he properly could, and previously did, avail himself of the habeas corpus remedy, Heck applies to him even though he has since been released. See Gilles v. Davis, 427 F.3d 197, 209-10 (3d Cir. 2005) (Heck applies to habeas eligible plaintiff).

To the extent Bush intended to raise a claim for false arrest, as explained by the District Court in a prior action, Bush v. City of Philadelphia, D.C. Civ. No. 09-cv-04798, the claim is barred by the two-year statute of limitations applicable to torts in Pennsylvania, see 42 Pa. Cons. Stat. Ann. § 5524(2), (7); see also Wilson v. Garcia, 471 U.S. 261 (1985) (state statute of limitation applies to actions under 42 U.S.C. § 1983), insofar as the instant complaint was filed on March 11, 2010, and Bush alleged that he discovered the factual predicate for his claim on November 28, 2003, see Bush v. City of Philadelphia, 367 F. Supp.2d 722, 724 (E.D. Pa. 2005).

We will vacate the order to the extent it bars Bush from filing anything further against

4

these defendants without leave of court, and remand. We review that part of the District Court's order barring the filing of "any further complaints, motions, letters, memoranda, or any other documents that Plaintiff files against Defendants" for an abuse of discretion. See Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). District courts in this circuit may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints. See Chipps v. U.S. District Court for Middle District of Pa., 882 F.2d 72 (3d Cir. 1989). The in forma pauperis statute, 28 U.S.C. § 1915, provides a tool for clearing the docket of frivolous cases, but "a frivolous complaint is one thing; a continuing abuse of process is another. In the case of the latter, [28 U.S.C. § 1915] alone is not an efficacious remedy." See Abdul-Akbar, 901 F.2d at 333. A district court is entitled to resort to its powers of injunction and contempt to protect its process when it is confronted with a pattern of conduct that is abusive and when it believes that the abusive conduct will continue if not restrained. Id.

Here, the District Court found a pattern of vexatious litigation on Bush's part with respect to his claim of false arrest and malicious prosecution, a finding which is supported by the record. It appears that these lawsuits are likely to continue absent some restriction on Bush. Chipps, 882 F.2d at 73; see also In re Oliver, 682 F.2d 443, 444 (3d Cir. 1982). The District Court did not, however, afford Bush the notice and opportunity to respond that are required when injunctions of this type are entered. See, e.g., Gagliardi v. McWilliams, 834

5

F.2d 81, 83 (3d Cir. 1987). Generally, the bar should not be imposed by a court without prior notice and some occasion to respond. See id. An injunction barring litigation without leave of court is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. See In re Oliver, 682 F.2d at 445.

Moreover, to protect a litigious party's legitimate claims, we have approved of a narrowly tailored order "directing that the litigant not file any section 1983 claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law." Abdul-Akbar, 901 F.2d at 333. The injunction entered against Bush by the District Court is insufficiently narrow in that Bush apparently would be barred from filing even brand new claims against the City of Philadelphia. Unless there is a "pattern of vexatious litigation transcend[ing] a particular dispute," Chipps, 882 F.2d at 73, the District Court must "consider limiting relief 'to the preclusion of future lawsuits arising out of the same matters that were the subject of the [prior] dismissed actions.'" Id. (quoting Gagliardi, 834 F.2d at 83). See also Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). On remand the District Court should give Bush notice and an opportunity to respond, and consider tailoring the order to permit new claims never before raised and disposed of on the merits.

We will summarily affirm the order of the District Court to the extent the complaint

and amended complaint were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii); and vacate that part of the order enjoining Bush from filing anything further against the defendants, and remand. Bush's motion requesting the District Court Clerk to forward the Notes of Testimony, etc. is denied.