**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3047
_____

GERALD BUSH,
                                        Appellant

v.

PHILADELPHIA REDEVELOPMENT AUTHORITY;
CHRISTI M. JACKSON; ROBERT LABRUM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-05659)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2020
Before:  AMBRO, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: July 31, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gerald Bush appeals from the order of the District Court that (1) dismissed his complaint and (2) broadened the scope of a filing injunction that it imposed on Bush in 2010. We will affirm the first ruling but will vacate the second and remand in case the District Court wishes to take any further action regarding the filing injunction.

I.

This case concerns property located at 5108 Chester Avenue in Philadelphia. It appears that Bush lives on the same block as the property, took possession of the property when it was blighted, and rented it out to others. For present purposes, however, all that is material is that Bush claims to be the owner of, or have some interest in, that property. Bush's claim already has been the subject of litigation in Pennsylvania state court during which Bush was represented by counsel for at least some period of time.

That litigation began in 2003 when the Philadelphia Redevelopment Authority ("PRA") filed a condemnation action and declaration of taking of the property under Pennsylvania's Eminent Domain Code. (Phila. Cty. Ct. Com. Pl., April Term 2003, No. 030401046.) As a result of that action, the PRA took ownership of the property from its previous record owner (one Michael James). Bush, however, remained in possession of the property and refused to vacate it. Thus, in in March 2019, the PRA obtained an order awarding it possession. Bush filed a motion for reconsideration in which he claimed, inter alia, that he owned the property pursuant to a prior agreement with the City of Philadelphia. The trial court denied that motion, and Bush did not appeal.

2

Instead, four days later, Bush filed two state-court actions of his own against the PRA concerning the property. (Phila. Cty. Ct. Com. Pl., May Term 2019, Nos. 190502059 & 190501957.) In the first, he claimed that the PRA's actions interfered with his alleged agreement with the City. In the second, he sought to quiet title to the property. In each action, the trial court sustained the PRA's preliminary objections and dismissed Bush's complaint with prejudice. Bush again did not appeal. (Bush has filed at least three other state-court actions against the PRA raising allegations regarding his interest in the property, but they are not material to our disposition.)

About three months after both proceedings concluded, Bush filed pro se the civil action at issue here. He filed suit under 42 U.S.C. § 1983 and named as defendants the PRA and two of its employees. In Bush's complaint and supplemental filings, he repeated his claim that he has an interest in the property by virtue of his alleged agreement with the City.[1] Bush sought compensation for the PRA's taking of that alleged interest under the Takings Clause of the Fifth Amendment. He also alleged that

---

[1] Bush's filings below and on appeal contain several allegations regarding the City, including that it failed to protect him from dangers such as asbestos in the property and that it was unjustly enriched by work he performed on the property in reliance on the alleged agreement. Bush did not name the City as a defendant, and he asserts on appeal that he intends to file a separate counseled suit against the City in state court. Thus, we express no opinion on Bush's allegations regarding the City. We also express no opinion on whether Bush may properly assert any claims against the City in state or federal court.

3

the PRA destroyed or refused to disclose documents memorializing that alleged agreement. In addition, Bush asserted other claims under federal law[2] and state law.

The defendants moved to dismiss Bush's complaint for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) or, alternatively, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The District Court granted that motion, dismissed Bush's federal claims with prejudice, and declined to exercise supplemental jurisdiction over his state-law claims. In doing so, the District Court concluded that Bush lacked Article III standing, and that it thus lacked jurisdiction, because he did not own the property at the time of the taking. Alternatively, the District Court concluded that dismissal under Rule 12(b)(6) was appropriate as to the PRA on res judicata grounds and as to the individual defendants because Bush failed to plead any plausible claim against them. The District Court also referenced and broadened an injunction that it had entered against him in 2010 prohibiting him from filing certain documents without leave of court. Bush appeals.[3]

---

[2] In Bush's complaint, he listed as additional "bases for jurisdiction" the federal Freedom of Information Act and statutes governing partition actions involving the United States (28 U.S.C. § 2409) and cost and fee awards in actions involving the United States (28 U.S.C. § 2412). The District Court concluded that any claims in this regard were too insubstantial to invoke its subject-matter jurisdiction because none of Bush's allegations concerned the United States. We agree and will not address these claims further.

[3] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of dismissals under both Rule 12(b)(1) and 12(b)(6). See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). We review for abuse of discretion the District Court's decision not to exercise supplemental jurisdiction, see Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009), and its imposition of filing restrictions, see Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1992). In addition to dismissing Bush's complaint, the District Court dismissed as moot a motion that Bush filed to enjoin

II.

We will affirm the dismissal of Bush's complaint for the alternative reasons the

District Court gave.  We conclude that the District Court had subject-matter jurisdiction

because Bush adequately alleged Article III standing[4] and because Bush's claims, though

they implicate state-court litigation, are not barred by the Rooker-Feldman doctrine.[5]  We

agree with the District Court, however, that Bush failed to state a federal claim.

---

his "eviction" from the property, which apparently has been effected.  Bush does not
challenge that ruling and, given our disposition, we need not address it.

[4] We evaluate allegations of standing under the same "plausibility" standard that governs
statement of a claim.  See In re Schering Plough, 678 F.3d at 243.  Bush claims that he
has an interest in the property by virtue of an agreement with the City, and he relies in
part on an email from a City employee that can be read to reference such an agreement.
The District Court concluded, inter alia, that the email does not constitute a contract
under Pennsylvania law and that Bush provided no other evidence that he has any
ownership interest in the property.  Thus, although the District Court couched much of its
discussion in terms of the pleading standard, the District Court effectively required
evidence and resolved disputed issues on the merits at the pleading stage.  Taking Bush's
factual allegations as true and drawing reasonable inferences in his favor, as we must, we
conclude that Bush adequately alleged Article III standing.  See id. at 244.

[5] Neither the District Court nor the parties discussed this doctrine, but we have
considered it because it is jurisdictional.  See Great W. Mining & Mineral Co. v. Fox
Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).  The doctrine does not apply here
because this suit did not "invit[e] the district court to review and reject [any] state
judgments."  Id. at 166; see also id. at 168-69 (explaining this requirement).  Although
Bush raises some arguments addressed to the state-court proceedings, adjudicating his
claims would not necessarily require appellate review of the state-court judgments.  On
this record, for example, those judgments do not appear to rule out all possibility that
Bush might have some non-possessory interest in the property short of outright
ownership that might be compensable under the Takings Clause.  We do not suggest that
Bush has any such interest and we instead express no opinion on that issue because, as
we are about to discuss, the state-court judgments bar Bush's claims as a matter of

Bush's claims against the PRA are barred by res judicata, also called claim preclusion, by reason of the judgments in Bush's state-court contract and quiet-title actions. We reach that conclusion as a matter of Pennsylvania law largely for the reasons that the District Court explained. See R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery, 670 F.3d 420, 426-27 (3d Cir. 2011). In sum, Bush named the PRA as a defendant in those actions and he either raised or could have raised his present claims in those actions. See id. at 427.[6] The dismissal of those actions with prejudice also operates as an adjudication on the merits. See Kuhnle v. Prudential Sec., Inc., 439 F.3d 187, 190 (3d Cir. 2006) (noting Pennsylvania's "expansive" view of what constitutes a judgment on the merits for res judicata purposes and holding that a court's dismissal with prejudice for non-prosecution qualifies).[7]

---

preclusion. See id. at 170 (discussing relationship between the Rooker-Feldman and preclusion doctrines).

[6] In R & J Holding Co., we held that a Takings Clause claim was not precluded by prior Pennsylvania inverse-condemnation litigation because, during that litigation, the plaintiffs stated their intention to split their state and federal claims between state and federal suits and the defendants did not object. See 670 F.3d at 427-28. In this case, by contrast, Bush did not expressly reserve any federal claim in his contract or quiet-title actions, let alone with the PRA's agreement. (Supp. App'x, Vol. III, at 99-100, 113-14.) To the contrary, Bush expressly asserted other federal claims in those actions. (Id.) Bush also expressly asserted his Takings Clause claim in the PRA's condemnation action. (Id. at 71.) He does not appear to have asserted that claim in his contract or quiet-title actions, but his prior assertion of that claim in the condemnation action provides all the more reason for concluding that he could have done so.

[7] The precise basis for the state court's dismissals is not apparent from the record, but dismissals with prejudice typically constitute judgments "on the merits" for res judicata

The individual defendants argue that the same analysis applies to them because they are in privity with the PRA. They have not developed that argument, but we need not reach it because we agree with their alternative argument and with the District Court that Bush otherwise failed to state any plausible claim against them. In Bush's complaint, he merely identified the individual defendants as persons "involved" in the events giving rise to his claims without specifying what they did. Bush's numerous other filings below and on appeal contain nothing suggesting that he could amend his complaint to assert any plausible claim in that regard.

Thus, we will affirm the dismissal of Bush's federal claims. Regarding his state-law claims, Bush argues only that the District Court should reevaluate the exercise of supplemental jurisdiction if we remand his federal claims. We are not remanding any of his federal claims, and the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction after dismissing them. See 28 U.S.C. § 1367(c)(3).

---

purposes. See Papera v. Pa. Quarried Bluestone Co., 948 F.3d 607, 610-11 (3d Cir. 2020). There is an exception (at least for federal judgments) when the dismissal is based on lack of personal jurisdiction and thus precludes relitigation only of that discrete issue. See Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132-33 (3d Cir. 2020). Bush does not argue that this exception applies here, however, and we see no indication that it does. In fact, Bush has not challenged the District Court's ruling on this point at all. The only argument that Bush raises on this point is that the state court never adjudicated a challenge to the constitutionality of Pennsylvania's Eminent Domain Code. (Appellant's Br. at 22.) But Bush did not raise any such challenge in his complaint in this case and, even if he had, he has not meaningfully developed any such challenge on appeal. Thus, to the extent that the record leaves any room for doubt whether the state

III.

One final issue requires discussion.  Bush is a frequent pro se litigant.  In 2010,

and following a remand on the issue, see Bush v. Phila. Police Dep't, 387 F. App'x 130

(3d Cir. 2010), the District Court enjoined Bush from filing further § 1983 actions

without leave of court.  (E.D. Pa. Civ. No. 2-10-cv-01104, ECF No. 14.)  The District

Court also required Bush to seek such leave by certifying, inter alia, "that the claims he

wishes to present are new claims never before raised and disposed of on the merits by any

federal court."  We affirmed the injunction.  See Bush v. Dep't of Human Servs., 485 F.

App'x 594, 596 n.3 (3d Cir. 2010) (referencing C.A. No. 10-4282).

The District Court does not appear to have enforced that injunction in this case.  In

disposing of this case, however, it appears to have broadened its scope.  In its order, the

Court repeated the "new claim" certification requirement and added a new provision

requiring Bush to also certify that "the named defendants [in a proposed § 1983 action]

have not been named in any prior action that was disposed of on the merits by any federal

court."  (ECF No. 31 at 2.)

Thus, this certification requirement effectively prevents Bush from bringing

claims against the defendants herein—whom he does not previously appear to have sued

in federal court—even if those claims are new.  The District Court, before taking that

step, should have provided Bush with notice and an opportunity to respond and should

---

court's dismissals were "on the merits," Bush has forfeited any challenge on that issue.

8

have explained more explicitly why this new restriction is necessary. See Brow, 994 F.2d at 1038.[8] Thus, we will vacate that portion of the District Court's order requiring Bush to certify that he has not previously named the same defendants. We also will remand in case the District Court wishes to take any further action in that regard.

We express no opinion on whether such action might be warranted. Regardless of what the District Court does on remand, however, Bush should not take our ruling as license to file repetitive claims. Bush's previous vexatious litigation led to a filing injunction that has been in place for some 10 years. Despite our affirmance of that injunction, Bush's continued filings in other cases prompted us just last year to caution him that, "if he continues to file repetitive, meritless, vexatious, or frivolous submissions," we will consider imposing sanctions of our own. Bush v. City of Phila., 765 F. App'x 843, 848 (3d Cir. 2019). We repeat that warning here.

IV.

---

[8] In its opinion, the District Court referenced its previous filing injunction and Bush's repetitive state-court litigation against the PRA, but it did not explain why those circumstances warranted an injunction against filing even new federal claims against the PRA or its employees in the future. In addition, although the defendants included in their motion to dismiss a bare request for an injunction against future filings "related to this matter" and to the "subject matter of [Bush's] Complaint" (ECF No. 26-1 at 1, 13), defendants did not request the broader filing restriction that the District Court ultimately imposed. Cf. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (holding that a "general request for 'other appropriate relief' was insufficient notice" that the District Court might subject a pro se plaintiff to a filing injunction).

9

For these reasons, we will affirm the District Court's dismissal of Bush's complaint but will vacate its imposition of an additional filing restriction and will remand in case the District Court wishes to take further action in that regard.