**John GAGLIARDI, Appellant,**

v.

**Ted McWILLIAMS, Joseph Fugere, Lawrence Jones, Joseph Layden, Thomas Ogg, Sondra Sullivan, Bernard Dravis, Elverda J. Daw.**

**Nos. 86–3725 and 87–3056.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) July 9, 1987.

Decided Dec. 2, 1987.

John Gagliardi, appellant, pro se.

Before HIGGINBOTHAM and SLOVITER, Circuit Judges, and VAN DUSEN, Senior Circuit Judge.

**OPINION OF THE COURT**

PER CURIAM.

Pro se plaintiff, John Gagliardi, appeals from a district court order imposing a sanction under Rule 11 of the Federal Rules of Civil Procedure. The district court, by order dated October 30, 1986, enjoined the Clerk of the United States District Court for the Western District of Pennsylvania from filing any complaint or other paper submitted by the plaintiff without first forwarding said paper for approval by the

court. App. at 60. In a memorandum opinion accompanying the order, the district court explained that shielding actual and potential defendants from harassment, vexation and unnecessary litigation costs caused by the plaintiff's law suits necessitated imposition of the injunction. App. at 58–59.

## I.

The facts and procedural history relevant to this appeal may be summarized briefly. During a three-month period, the plaintiff filed seven complaints in the district court against numerous defendants, including the former Governor of Pennsylvania, United States Attorneys, local district attorneys, governmental agencies, and private individuals. All of plaintiff's complaints alleged conspiracies on the part of the defendants to violate his civil rights.[1] The complaints merely alleged the existence of a conspiracy and requested monetary damages, but did not state facts evidencing a conspiracy. The district court dismissed the cases as frivolous and for failure to state a claim upon which relief could be granted.[2]

In conjunction with the dismissals, the district court entered the October 30, 1986, order that contained the following provision, which is the subject of this appeal:

IT IS FURTHER ORDERED that the Clerk of Courts for the United States District Court for the Western District of Pennsylvania be and hereby is enjoined from filing or causing to be filed any complaint or other paper from John Gagliardi or of any known associate of John Gagliardi without first forwarding said paper to this court and obtaining approval from the undersigned.

App. at 60. Although some defendants had moved for attorney's fees and other appropriate relief under Rule 11, the district court entered the injunctive order without holding a hearing or requiring submissions by the parties.

## II.

Gagliardi argues that the district court erred in entering the injunction without giving him notice or an opportunity to respond. None of the defendants/appellees have filed a responsive brief.

We note at the outset that the injunction imposed by the district court is an unusual Rule 11 sanction. Since Rule 11's amendment in 1983, the most common of the sanctions imposed by district courts has been an award of attorney's fees.[3] However, a Rule 11 sanction was imposed in *Crooker v. United States Marshals Service,* 641 F.Supp. 1141 (D.D.C.1986), upon a party who had a long litigious history, amounting to an abuse of the judicial process. In that case, during an eight-year period the pro se plaintiff had filed at least sixty suits under the Freedom of Information Act, 5 U.S.C. § 552 (1982), or the Privacy Act of 1974, 5 U.S.C. § 552a (1982), or both against seventeen federal agencies in three different circuits. *Id.* at 1142 & n. 1.

---

1. Although plaintiff grounded his claims in criminal civil rights statutes, 18 U.S.C. §§ 241, 242 (1982), as the district court correctly noted, they are more properly construed as complaints based upon 42 U.S.C. §§ 1983, 1985 (1982). App. at 57–58.

2. The propriety of these dismissals is not an issue raised by the instant appeal. Plaintiff challenges only the district court's injunction as a sanction under Rule 11.

3. *See, e.g., Moore v. Secretary of Health & Human Serv.,* 651 F.Supp. 514, 516 (E.D.Mich. 1986); *Burlington Coat Factory Warehouse v. Belk Bros., Co.,* 621 F.Supp. 224, 239 (S.D.N.Y. 1985); *Hudson v. Moore Bus. Forms, Inc.,* 609 F.Supp. 467, 480–81 (N.D.Cal.1985), *aff'd in relevant part and vacated in part,* 827 F.2d 450 (9th Cir.1987). *See also Orange Production Credit Ass'n v. Frontline Ventures Ltd.,* 792 F.2d 797 (9th Cir.1986) (affirming district court's imposition of Rule 11 sanction of award of attorney's fees and costs); *Cohen v. Virginia Elec. & Power Co.,* 788 F.2d 247 (4th Cir.1986) (affirming district court's award of attorney's fees as Rule 11 sanction); *Cannon v. Loyola Univ. of Chicago,* 784 F.2d 777 (7th Cir.1986) (award of attorney's fees and costs appropriate Rule 11 sanction), *cert. denied,* — U.S. —, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987); *Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C.Cir.1985) (approving Rule 11 sanction of attorney's fees and costs); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243 (2d Cir.1985) (remanding for district court to determine attorney's fee award as Rule 11 sanction).

As a Rule 11 sanction, the court ordered that any further complaints filed by the plaintiff under either Act against any of those agencies be accompanied by a memorandum of law explaining why the suit was not barred by *res judicata*. *Id.* at 1143.

More frequently, an injunction precluding abusive litigation has been imposed pursuant to the All Writs Act, 28 U.S.C. § 1651 (1982), rather than pursuant to Rule 11. That was the basis for the injunction which this court considered in *In Re Oliver*, 682 F.2d 443 (3d Cir.1982). In *Oliver*, the plaintiff had filed fifty-one law suits, all of which were without sufficient merit to warrant even a hearing. *Id.* at 444. The district court entered an order enjoining the clerk from accepting further cases from the plaintiff without permission of the court. We stated that "a continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court." *Id.* at 446.

We need not decide in this appeal whether Gagliardi's filing of seven frivolous lawsuits against multiple defendants was such an abuse of the judicial process as to justify the action taken by the district court. Although we stated in *Oliver* that "such an [injunctive] order is an extreme remedy and should be used only in exigent circumstances," *id.* at 445, we suggested that the "situation [was] sufficient to justify exercise of the court's power, under the All Writ's [sic] Act." *Id.* at 446. Nonetheless, we concluded that the failure to provide Oliver with an opportunity to oppose the court's order before it was instituted required us to remand the case to the district court. Similarly, in *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570 (3d Cir.1985) (in banc), we held that as a general practice a sanction should not be imposed by a court without prior notice and some occasion to respond.

In this case, defendants in their motion for dismissal and Rule 11 sanctions sought only attorney's fees and "other appropriate relief which the court deems just and proper." App. at 37. The general request for "other appropriate relief" was insufficient notice to Gagliardi, who was proceeding pro se, of the possibility that his resort to the courts would be precluded without initial scrutiny by the district court. Even an experienced attorney would not have expected this type of injunctive sanction without some more specific notice.

It follows that we must vacate the district court's order and remand this matter with instructions that the court give notice to Gagliardi to show cause why injunctive relief should not issue. After a proper record has been established, the district court will be in a better position to determine the appropriate action that should be taken.

We assume that in the sound exercise of its discretion the district court will take into account the general reluctance to foreclose a litigant from any future recourse to the courts, *see, e.g., Procup v. Strickland*, 792 F.2d 1069 (11th Cir.1986) (in banc); *see also Cotner v. Hopkins*, 795 F.2d 900, 903 (10th Cir.1986), and will also consider whether, if any such injunction is deemed appropriate, it should be limited to the preclusion of future lawsuits arising out of the same matters that were the subject of the seven dismissed actions.

### III.

For the reasons set forth above, we will vacate the district court's order and remand this case for future proceedings consistent with this opinion. Each party to bear their own costs.