

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Knight v. Poritz

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1350

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Knight v. Poritz" (2005). *2005 Decisions.* Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO.  05-1350

CURTIS KNIGHT,
Appellant

v.

DEBORAH T. PORITZ; PETER VERNIERO, Former Attorney Generals, individually and in their official capacity; THE OFFICE OF ATTORNEY GENERAL OF NEW JERSEY, in its official capacity; THE OFFICE OF THE ESSEX COUNTY PROSECUTOR, in its official capacity; THE CITY OF NEWARK, MUNICIPALITY, individually and in its official capacity; NEWARK POLICE DEPARTMENT, individually and in its official capacity; THE OFFICE OF THE MIDDLESEX COUNTY PROSECUTOR'S OFFICE, in its official capacity; THE EAST BRUNSWICK, MUNICIPALITY, individually and in its official capacity; EAST BRUNSWICK POLICE DEPARTMENT, in its official capacity; HERBERT H. TATE, JR., Essex County Prosecutor, individually and in his official capacity; CLIFFORD MINOR, JR., Essex County Prosecutor, individually and in his official capacity; NORMAN MENZ, asst. pros. individually and in his official capacity; LESLIE MANN, asst. pros. individually and in his official capacity; JOHN REDDEN, asst. pros. individually and in his official capacity; STEPHEN J. TAYLOR, asst. pros. individually and in his official capacity; STEPHEN MARGOLIS, asst. pros. individually and in his official capacity; ANDREW FRIED, asst. pros. individually and in his official capacity; ALAN A. ROCKOFF, Middlesex County Prosecutor, individually and in his official capacity; FELIX A. MARTINO, Superior Court Judge, individually and in his official capacity; JOHN MURRAY, (estate) individually and in his official capacity; RUBEN CONTRERAS, individually and in his official capacity; WILLIAM THOMAS, individually and in his official capacity; MARK WILSON, individually and in his official capacity; RASHID SABUR, individually and in his official capacity; STEVE B. SCOTT, individually and in his official capacity; M. JACKSON, SGT., individually and in his official capacity; LOUIS E. GREENLEAF, individually and in his official capacity; MICHAEL STIGILANO, individually and in his official capacity; KEITH WILKERSON, individually and in his official capacity; GERALDINE BRANDON, individually and in her official capacity; JAMES P. MARINUCCI, individually and in his official capacity; MARIE ROBINSON, individual estate; EUGENE CODEY, Superior Court Judge, individually and in his official capacity

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-00191)
District Judge:  Honorable William J. Martini

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2005

Before:   ROTH, McKEE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: November 3, 2005)
_____

OPINION
_____

PER CURIAM

This appeal arises from the dismissal of Appellant Curtis Knight's complaint as a

sanction for failure to prosecute.  He also appeals from the dismissal of his malicious

prosecution claims against Defendants Tate, Menz, Contreras, Murray, Taylor, Margolis,

and Minor.  For the reasons that follow, we will reverse the District Court's dismissal of

Knight's complaint for failure to prosecute.  We will affirm the District Court's order

dismissing the above named Defendants.

I.

Knight spent nearly ten years in custody for the September 1988 murder of Glenn

Brown.  Following two separate trials, convictions, and subsequent reversals, the Essex

County Prosecutor's Office dismissed the indictment on October 17, 2001.  <u>See</u> <u>State v.</u>

2

Knight, No. A-1370-97T4, slip op. (N.J. Super. Ct. App. Div. Apr. 2, 2001) (reversing Knight's second conviction) review denied State v. Knight, 785 A.2d 434 (N.J. 2001) (table); State v. Knight, 661 A.2d 298 (N.J. Super. Ct. App. Div. 1995) (reversing Knight's first conviction) aff'd State v. Knight, 678 A.2d 642 (N.J. 1996). Three months after the dismissal, Knight filed a pro se complaint against multiple State and County defendants alleging numerous constitutional violations, malicious prosecution, and violations under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. §§ 1962-1964. He requests equitable and monetary relief in the aggregate amount of six million dollars.

On April 24, 2003, the District Court granted a motion to dismiss a majority of the Defendants with the exception of Essex County assistant prosecutor Leslie Mann and homicide investigator Michael Stigilano, both of whom allegedly fabricated and planted evidence.[1] The Magistrate Judge then issued an order scheduling the close of discovery for July 6, 2004. Knight appeared for a scheduled deposition on April 14, but refused to be deposed because the Defense would not pay for his travel expenses. On June 28, 2004, the Magistrate Judge issued a letter-order directing Knight to answer all

---

[1] On July 1, 2003, the District Court dismissed the claims against Defendants East Brunswick Police Department, Township of East Brunswick, Keith Wilkerson, and Geraldine Brandon. These Defendants filed a motion for leave to dismiss parties and to be excused from filing a brief pursuant to L.A.R. 31.2. Knight does not appeal the dismissal of the above Defendants, nor does he contest the motion. The Defendants' motion is granted.

3

outstanding interrogatories within ten days and appear for a deposition within one month. Prior to receiving the order, Knight filed a motion to extend the close of discovery. Defendants filed objections to the request. Knight responded on July 15, claiming that the Defendants' attorney

> has decided without my input how, when and where discovery would proceed. . . . I take exception to the fact that as a Pro'se [sic] plaintiff I'm being put in a position of having to adhere to a discovery plan, or face sanctions, which were never discussed with or agreed upon by me. . . . I'm requesting that the Court grant my request for a 90-day extension, and I further request that the Court schedule a conference between all parties as soon as possible.

The Magistrate Judge denied the motion on July 16, 2004, and reaffirmed the dates specified in the June 28 order. Knight received the order denying his extension request on July 20, the same day he was scheduled to appear for a second deposition, for which he failed to attend. Discovery officially closed on July 27, 2004. Knight failed to satisfy the order by that date. On July 30, the District Court docketed and mailed an order originally written on January 6, 2004, stating that discovery should commence immediately and shall close at the end of six months. Knight received the order and argues that he believed the District Court changed its mind and granted the extension. When Knight did not comply with the June 28 order, the Appellees filed a motion to dismiss for failure to prosecute. Knight never received a copy of the motion. On November 4, 2004, adopting a Magistrate Judge's report and recommendation, the District Court granted the Defendants' motion and dismissed the complaint. Knight filed a motion to reconsider, which the District Court denied. Knight appeals.

4

We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal of a complaint under Federal Rule of Civil Procedure 41(b) for abuse of discretion. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (applying the same standard to the denial of a motion to vacate judgment). Although we defer to the District Court's discretion, dismissal is appropriate only in "limited circumstances . . . ." Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). In conducting our review, "we will be guided by the manner in which the court balanced the Poulis factors and whether the record supports its finding." Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986). The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.

We agree with the District Court's analysis with respect to factors one, two and five, each favoring dismissal. With respect to the third factor, the District Court found that the record shows only a "limited history of noncompliance," but did not identify whether this finding supports or opposes dismissal. R. & R. at 2. However, the Appellees concede that this limited history "weighs less in favor of dismissal." Appellees' Br. at 18. We agree.

5

We do not agree, however, that the record supports a finding that Knight's conduct was willful or in bad faith. The District Court conclusively states that it is "evident that [Knight] . . . is responsible for willfully refusing to comply with the June 28, 2004 order." Letter Op., Jan 4. 2005, at 3. Conduct is willful if it exhibits signs of "intentional," "strategic or self-serving," behavior. Adams v. Tr. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994). When drawing an inference that conduct is willful, we generally require more than "'failure to move with the dispatch' reasonably expected of a party prosecuting a case." Id. at 876 (citing Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)); see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (finding willful the failure to address opposing parties' discovery requests after seventeen months of eleventh-hour extensions); C.T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 695 (3d Cir. 1988) (holding willful plaintiff's failure to comply with three court orders, multiple discovery requests, and in part lying with regard to the reasons).

The District Court did not specifically explain why it considered Knight's conduct willful, but it discussed at length his failure to adhere to the June 28, 2004 order. Knight argued before the District Court that prior to the close of discovery on July 6, he filed a motion to extend that date by ninety days because he was unable to timely comply with the Appellees' discovery requests. The District Court correctly held that the motion for an extension of time was not in response to the June 28 order, but then illogically

6

concluded that the request "had nothing to do with the" order. The June 28 order and Knight's request for an extension both relate to the exact same issue, the completion of discovery, which includes the taking of depositions and answering interrogatories. That Knight's initial request was not a direct response to the June 28 order is not relevant to his need for an additional ninety days to complete discovery. Further, on July 15, Knight did respond to the June 28 order, requesting a scheduling conference and renewing his request for a ninety-day extension. Knight then waited for the Court to rule on his motion. When the motion was denied, Knight had only seven days to complete discovery in order to comply with the June 28 order, a tall task for someone who just reported the task would take ninety days. Although Knight's failure to complete discovery by July 27 violated a court order, the record does not support a finding of willfulness or bad faith.

The District Court also found Knight's reliance on the erroneous July 30, 2004 order "unbelievable" for two reasons. "First, discovery commenced in January 2004 and was set to close in July 2004. If this had not been the case, it would have made little sense for plaintiff to file a motion to extend the close of discovery." Letter Op., Jan. 4, 2005 at 2. We are at a loss to understand how the existence of a first discovery period lasting six months would preclude a belief that the District Court would grant an extension period of equal length. Second, the District Court reasoned that because the order is dated January 6 and refers to a scheduling order that was not attached, Knight should have recognized the error. Knight argues that he checked the docket, which

7

confirmed that the order was entered on July 30, not January 6. Further, in a letter dated August 12, 2004, Knight responded to the July 30 order exhibiting an obvious belief in its correctness. Proceeding on a believably valid court order does not support an inference that Knight intentionally disobeyed the Court. Thus, the record fails to support the District Court's finding that Knight's conduct was willful. This factor weighs against dismissal.

Finally, we agree with the District Court that Knight's complaint asserts meritorious claims. This factor is neutral and not dispositive, see Emerson v. Thiel College, 296 F.3d at 191, but we cannot ignore that Knight proceeds pro se and has suffered from ten years of incarceration resulting from two trials tainted by numerous errors. See Knight, No. A-1370-97T4, slip op. at 58. Although "each factor need not be satisfied for the trial court to dismiss a claim," there exist here only three factors which the District Court could reasonably conclude weigh in favor of dismissal. Ware v. Rodale Press, Inc. 322 F.3d 218, 221 (3d Cir. 2003). Applying each factor equally and abiding by the established presumption that "doubts should be resolved in favor of reaching a decision on the merits," see Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984), the District Court abused its discretion in dismissing Knight's complaint for failure to prosecute.[2] We now turn to whether the District Court properly dismissed the named

_____

[2] We further note that we find extremely troubling Knight's failure to receive notice that his case was facing possible dismissal. Specifically, we point to the District Court's failure to resend the report and recommendation after the initial mailing was

8

Defendants.

III.

We exercise plenary review over the dismissal of a complaint based on absolute

and qualified immunity grounds. See State Farm Mut. Auto. Ins. Co. v. Coviello, 233

F.3d 710, 713 (3d Cir. 2000). With respect to prosecutors Tate, Menz, Margolis, Taylor,

and Minor, each is entitled to absolute immunity. See Imbler v. Pachtman, 424 F.3d 409,

430-31 (1976). The act of bringing an indictment, initiating prosecution even for suspect

reasons, knowingly introducing fraudulent evidence into a judicial proceeding, and failing

to disclose material evidence are all within the "traditional functions of an advocate" and

receive absolute protection. See Kalina v. Fletcher, 522 U.S. 118, 127-31 (1997)

(indictment and prosecution); Davis v. Grusemeyer, 996 F.2d 617, 630 n.28 (3d Cir.

1993) (introduction of fraudulent evidence) abrogated on other grounds by Rolo v. City

Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998); Smith v. Holtz, 210 F.3d

186, 199 n.18 (3d Cir. 2000) (failure to disclose); Kulwicki v. Dawson, 969 F.2d 1454,

1464 (3d Cir. 1992) (initiating prosecution "even without a good faith belief that

wrongdoing has occurred"). We also agree with the District Court that Knight failed to

allege a constitutional violation against investigator Contreras.

We last turn to the dismissal of investigator Murray. Knight argues that when

---

returned. We have long held "that as a general practice a [specific] sanction should not
be imposed by a court without prior notice and some occasion to respond." Gagliardi v.
McWilliams, 834 F.2d 81, 83 (3d Cir. 1987).

Murray presented testimony to the grand jury he was doing so as a complaining witness, which under Malley v. Briggs, 475 U.S. 335 (1986), does not entitle him to the protection of absolute immunity.[3]  In Kulwicki, we expressly rejected the argument that Malley carved out an exception to the general rule announced in Briscoe v. LaHue, 460 U.S. 325, 329 (1986), that government witnesses are afforded absolute immunity for statements made while testifying.  Kulwicki, 969 F.2d at 1467 n.16.  The District Court did not err in dismissing the claims against the above named Defendants.

IV.

For the foregoing reasons, the District Court abused its discretion in dismissing Knight's complaint for failure to prosecute.  The District Court's order will be reversed and the matter remanded for further proceedings.  The District Court's order dismissing Tate, Menz, Murray, Taylor, Margolis, and Minor is affirmed.

---

[3]  The Appellees argue that Knight waived this argument because he failed to raise it in District Court.  The Appellees misconstrue the waiver doctrine.  Knight argued in his amended complaint that Murray, while serving as a complaining witness, presented false testimony to the grand jury.  On the same day, he filed a brief in opposition to the previous motion to dismiss arguing that none of the Defendants are immune from liability.  The Appellees then filed a motion to dismiss the amended complaint arguing the same affirmative defenses.  Knight did not respond to this motion.  However, Knight's earlier pleadings raised the argument that Murray presented perjured testimony while serving as a complaining witness and rejected the premise that Murray is immune.  Thus, the issue is preserved despite Knight's failure to expressly counter the defense in the second motion to dismiss.  Regardless, Murray is entitled to absolute immunity.