NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3324
_____

JERRY A. HURST,
                              Appellant

v.

COLIN M. SHALK, in their individual and official capacities; MAXWELL WIEGARD,
in their individual and official capacities; MARTY HARBIN, in their individual and
official capacities; GUY HARBERT, in their individual and official capacities;
NICHOLAS SKILES, in their individual and official capacities; STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1-15-cv-00360)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2018

Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed: May 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Jerry Hurst appeals the District Court's orders dismissing his complaint and imposing a filing injunction against him. For the reasons detailed below, we will affirm the District Court's judgment.

Hurst's dispute with the defendants began when State Farm Mutual Automobile Insurance Company, his insurer, refused to compensate him after his van was stolen in 2001. Hurst sued State Farm in the United States District Court for the Western District of Virginia, and the District Court granted summary judgment to State Farm on the ground that Hurst had failed to cooperate with State Farm's investigation. See Hurst v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 7:050-cv-00776, 2008 WL 4394759, at *8 (W.D. Va. Sept. 26, 2008). Hurst appealed, and the Fourth Circuit affirmed. See Hurst v. State Farm Mut. Auto. Ins. Co., 324 F. App'x 250 (4th Cir. 2009) (per curiam) (non-precedential).

Hurst then initiated a second action against State Farm and several of its agents, again raising claims concerning the denial of coverage. The United States District Court for the District of Maryland dismissed the complaint based on res judicata, and the Fourth Circuit affirmed. See Hurst v. State Farm Mut. Auto. Ins. Co., 324 F. App'x 261 (4th Cir. 2009) (per curiam) (non-precedential).[1]

---

[1] Hurst filed a petition for writ of certiorari to the Supreme Court, which dismissed the petition and ruled that "[a]s petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid." Hurst v. State Farm Mut. Auto. Ins. Co., 558 U.S. 1043 (2009).

Hurst next filed another action in the District of Maryland, this time naming State Farm, its agents, and several law-enforcement officers as defendants. The claims once again concerned the State Farm's failure to compensate him for the theft of the van; he also alleged that the law-enforcement defendants failed to complete a proper theft report. The District Court dismissed the complaint, concluding that the claims were barred by res judicata and the statute of limitations. Hurst v. City of Salisbury, Civ. A. No. 10-2516, 2010 WL 4103682 (D. Md. Oct. 18, 2010). The Fourth Circuit affirmed. See Hurst v. City of Salisbury, Md., 432 F. App'x 263 (4th Cir. 2011) (per curiam) (non-precedential).

Hurst then filed a complaint in the United States District Court for the District of Delaware against State Farm and its agents. Hurst alleged that, in performing its claim investigation, State Farm obtained Hurst's social security number and other personal information and then improperly disclosed that information to third parties. Hurst claimed that the defendants thereby violated his rights under the Driver's Privacy Protection Act (DPPA),[2] 42 U.S.C. § 1983, and state law. The District Court dismissed the complaint. Among other things, the Court concluded that Hurst's claims under the DPPA failed because the defendants obtained Hurst's personal information not "from a state motor vehicle agency, but . . . directly from the plaintiff." Hurst v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 10-cv-1001, 2012 WL 426018, at *10 (D. Del. Feb. 9, 2012).

---

[2] Congress passed the DPPA because of its concern "that personal information collected by States in the licensing of motor vehicle drivers was being released—even sold—with resulting loss of privacy for many persons." Maracich v. Spears, 570 U.S. 48, 51–52 (2013). As relevant here, the DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722(a).

Hurst appealed, and this Court affirmed "on the thorough Opinion of the District Court." See C.A. No. 12-1654.

Hurst then filed two more DPPA actions, one in the Eastern District of Virginia and one in the Western District of Virginia. He reasserted the allegations from his District of Delaware complaint and alleged that the defendants had committed more DPPA violations by disclosing the same personal information once more during the District of Delaware action. Both Courts dismissed the complaints on the ground that Hurst had failed to "allege that Defendants obtained Plaintiff's personal information from a motor vehicle record." Hurst v. Harbert, Civ. A. No. 1:13-cv-0558, 2013 WL 12107769, at *1 (E.D. Va. Sept. 30, 2013); see also Hurst v. Harbert, No. 5:15-cv-00033, 2015 WL 3505557, at *3 (W.D. Va. June 3, 2015). The Fourth Circuit affirmed both judgments. See Hurst v. Harbert, 630 F. App'x 209 (4th Cir. 2016) (per curiam) (non-precedential); Hurst v. Harbert, 577 F. App'x 145 (4th Cir. 2014) (per curiam) (non-precedential).

Hurst then returned to the District of Delaware and filed the complaint that is at issue in this appeal. Again naming State Farm and its agents, Hurst raised claims under the DPPA, § 1983, and state law, alleging that the defendants had improperly disclosed his personal information both before and during his prior Delaware action. The District Court dismissed Hurst's claims as "barred under the doctrines of claim and issue preclusion." Hurst v. Wiegard, Civ. A. No. 15-360, 2017 WL 2788947, at *6 (D. Del. June 27, 2017). After giving Hurst notice and an opportunity to respond, the Court also enjoined Hurst from filing, without prior authorization of the Court, any action "relating

4

to matters that stem from State Farm's denial of an insurance claim made by Hurst for the April 3, 2001 theft of his customized van." Hurst v. Wiegard, Civ. A. No. 15-360, 2017 WL 4232956, at *2 (D. Del. Sept. 25, 2017). Hurst appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order, see Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and review the filing injunction for abuse of discretion, see Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990).

We will affirm the District Court's judgment. While Hurst raised numerous claims before the District Court, he challenges in his opening brief only the District Court's dismissal of his DPPA claims, and we thus limit ourselves to reviewing the dismissal of those claims. See, e.g., United States v. Jackson, 849 F.3d 540, 555 n.13 (3d Cir. 2017); see also LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995).

The District Court correctly concluded that, to the extent that Hurst has tried to reassert the same DPPA claims that the Court had previously dismissed under Fed. R. Civ. P. 12(b)(6), the claims are barred by claim preclusion. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016) (setting forth standard); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a judgment on the merits for preclusion purposes).

While claim preclusion may not cover the DPPA violations that Hurst alleges occurred after he filed his complaint in the first District of Delaware action in November

5

2010, see Morgan v. Covington Twp., 648 F.3d 172, 178 (3d Cir. 2011),[3] those claims are barred by issue preclusion, see Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006); Dow Chem. Co. v. Nova Chems. Corp. (Canada), 803 F.3d 620, 627 (Fed. Cir. 2015). When the matter was previously before the District Court, the Court ruled that the defendants had not obtained Hurst's personal information from "a state motor vehicle agency," which was fatal to the DPPA claims. That ruling—which has not been affected by any material change in fact, see generally Scooper Dooper, Inc. v. Kraftco Corp., 494 F.2d 840, 846 (3d Cir. 1974)—bars Hurst's post-November 2010 DPPA claims concerning the re-disclosure of the same information.[4]

We likewise conclude that the District Court did not err in imposing the filing injunction. A district court may enter a filing injunction if (1) the litigant has been continuously abusing "the judicial process by filing meritless and repetitive actions," (2) the court provides notice to the litigant, and (3) the injunction is "narrowly tailored to fit the particular circumstances of the case before the District Court." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

As detailed above, Hurst has filed numerous repetitive actions concerning both State Farm's denial of his insurance claim and the alleged disclosure of his personal

---

[3] While both the Eastern District of Virginia and the Western District of Virginia also dismissed Hurst's post-November 2010 claims, because those Courts entered the dismissals "without prejudice," we do not give those judgments preclusive effect. See Venuto v. Witco Corp., 117 F.3d 754, 760 (3d Cir. 1997).

[4] Given the legal bars to Hurst's claims, the District Court did not err in refusing to reconsider its dismissal of his complaint. See generally Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

information.  Further, the District Court gave him an opportunity to respond before entering its new order.  See Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam).  Finally, the District Court's order is narrowly drawn, limited to this one specific topic.  See generally In re Packer Ave. Assocs., 884 F.2d 745, 748 (3d Cir. 1989).[5]

Accordingly, we will affirm the District Court's judgment.[6]

---

[5] Hurst contends that the filing injunction is overbroad because it prevents him from filing documents in this Court, but we interpret the order to bar only District Court filings (as supported by the fact that Hurst's notice of appeal was docketed in the District Court without restriction).

[6] Hurst's motion to appoint the ACLU as amicus curiae is denied.  His motion to file an overlong reply brief is granted.