**CLD-108** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3467
_____

FREDERICK H. BANKS,
Appellant

v.

ED LEA; JIM BUCKLEY; KIMBERLY GREWAY; ORLANDO L. HARPER;
JUDGE CATHY BISSOON; JIM HIMHOLF
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-00942)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 and Consideration of Whether a Certificate of Appealability is Required
February 6, 2020

Before: JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed: February 11, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick H. Banks appeals from the September 30, 2019 order of the United States District Court for the Western District of Pennsylvania, which dismissed his petition filed under 28 U.S.C. § 2241; he also appeals from the order denying his motion to vacate the September 30 order. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment.[1] See Third Circuit LAR 27.4 and I.O.P. 10.6.

Banks, who was a pretrial detainee at the time, filed his petition in the United States District Court for the Middle District of Pennsylvania. In the petition, he raised two claims: (1) certain prison officials violated his constitutional rights by not allowing delivery of religious (wicca) books or magazines that he had ordered; and (2) the prison chaplain's office discriminated against him by failing to confirm a wicca religious meal for Banks and by raising barriers to a religious visit from a wicca volunteer.

The Magistrate Judge recommended that the petition be dismissed because Banks is subject to vexatious-litigant orders ("VLO") and he had not obtained authorization from the District Court to file the petition.[2] The District Court adopted the

_____

[1] Because Banks' § 2241 petition was not a true habeas petition, no certificate of appealability is required for this appeal.

[2] The VLOs were entered in two of Banks' other actions, W.D. Civ. Nos. 15-cv-01400 and 15-cv-01385, as expanded by an order in a criminal case, W.D. Crim. No. 15-cr-00174, in which Banks filed a habeas petition and motions as "next friend" of the defendant. In the civil actions, the District Court enjoined Banks from filing any complaint, lawsuit, or mandamus petition without authorization of the District Court. Banks' appeal from that order was dismissed for failing to pay the filing fee. C.A. No. 15-3989. In the criminal action, the District Court extended its VLO "to all filings made

2

recommendation and dismissed the petition on September 30. Banks filed a "Notice of Appeal and Motion to Vacate Memorandum Order." Banks argued that the September 30 order should be vacated because he never received the Report and Recommendation and thus did not have a chance to object. He also indicated that he was appealing the September 30 dismissal.

On October 9, 2019, the District Court denied the motion to the extent that Banks sought reconsideration of the September 30 order, declined to take any action to the extent that Banks had already appealed to this Court, and furnished Banks with a copy of the Report and Recommendation. Banks then filed an amended notice of appeal, appealing the October 9 order.

We have jurisdiction under 28 U.S.C. § 1291. "[T]his Court has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S. Dist. Court for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (citing Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re: Oliver, 682 F.2d 443 (3d Cir. 1982)). Having reviewed the record, we conclude that the District Court correctly held that Banks' § 2241 petition was barred in its entirety by the District Court's VLOs.

---

by Mr. Banks, in his name or under his known alias(es), whether on his behalf or on behalf of anyone else." Oct. 3, 2017 Order, W.D. Crim. No. 15-cr-00174. The District Court noted that the order did not apply to filings in Banks' active criminal case. Banks appealed and we affirmed the District Court's order. United States v. Miller, 726 F. App'x, 107, 108 (3d Cir. 2018) (per curiam) (non-precedential).

Banks claims that the VLOs do not apply to habeas petitions. But Banks sought to challenge the conditions of his pretrial confinement; his petition did not "qualify as attacking the fact, duration, or execution of a sentence." See Velazquez v. Sup't Fayette SCI, 937 F.3d 151, 158 (3d Cir. 2019). Thus, Banks did not properly bring his claims in a habeas petition rather than a civil rights complaint. Cf. Cardona v. Bledsoe, 681 F.3d 533, 537-38 (3d Cir. 2012) (affirming District Court's dismissal for lack of jurisdiction of § 2241 petition that failed to raise claims challenging the execution of the petitioner's sentence). Of course, Banks would need to have advance authorization from the District Court before filing a civil rights complaint. His petition here is a clear attempt to circumvent the VLO.

The District Court properly dismissed Banks' petition as violating the VLO. We also agree that Banks' Motion to Vacate raised no valid reasons for vacating the September 30 order. For these reasons, we will affirm the District Court's orders.