**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-1348 & 20-2224
_____

UNITED STATES OF AMERICA

v.

AMIN A. RASHID, a/k/a Larry Doby Wilson, a/k/a Jonothan F. Stone, III,
a/k/a Alfred Monger, a/k/a Otello Karpo, a/k/a Christine Harriell, a/k/a Ortello Karpo,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:93-cr-00264-001)
District Judge:  Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2021

Before: GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: December 2, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Before us are two consolidated pro se appeals brought by federal prisoner Amin Rashid.  In C.A. No. 20-1348, Rashid appeals from the District Court's December 17, 2019 order that, among other things, denied his request for permission to file a motion attacking his long-since completed 28 U.S.C. § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b).  And in C.A. No. 20-2224, Rashid appeals from the District Court's order, entered April 6, 2020, that, among other things, vacated a 2013 filing injunction and imposed a new filing injunction against him.  For the reasons that follow, we will deny a certificate of appealability ("COA") in C.A. No. 20-1348 to the extent that one is required, affirm the District Court's December 17, 2019 order to the extent that a COA is not required in C.A. No. 20-1348, affirm in part and vacate in part the District Court's April 6, 2020 order, and remand for further proceedings.

I.

In 1993, Rashid was convicted in the District Court of over 50 counts arising from a scheme to defraud commercial loan applicants.  The District Court sentenced him to 168 months in prison and three years of supervised release, and it ordered him to pay restitution in excess of $1.6 million.  We affirmed that judgment on direct appeal.  See United States v. Rashid, 66 F.3d 314 (3d Cir. 1995) (table).[1]  In 1995, Rashid filed a 28

_____

[1] Rashid completed his 168-month sentence.  While serving his term of supervised release, he committed more fraud-related crimes.  The District Court convicted him of those crimes and, in 2014, sentenced him to 20 years in prison.  In light of that

U.S.C. § 2255 motion. The District Court denied that motion without an evidentiary hearing, and we affirmed that denial. See C.A. No. 96-1244. In the years that followed, Rashid repeatedly challenged, without success, his 1993 conviction and the denial of his § 2255 motion. Among those challenges were numerous motions filed under Rule 60(b).

In 2013, the District Court entered a filing injunction against Rashid. That injunction, which the District Court imposed after giving him notice and an opportunity to respond, required him to (1) seek leave of court "before filing any motions of any kind related to his [1993 case]" and (2) certify the following: (a) "[t]he claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court"; (b) "[h]e believes the facts alleged in his motion to be true"; and (c) "[h]e knows of no reason to believe his claims are foreclosed by controlling law." (Dist. Ct. docket # 530, at 1.) He did not appeal from the injunction.

Shortly after the filing injunction issued, Rashid moved for permission to file certain challenges to his 1993 conviction that the District Court had previously rejected. The Government opposed that motion and asked the District Court to impose a monetary sanction against him. Shortly thereafter, the District Court (1) denied Rashid's motion for permission to file those claims, (2) granted the Government's request for sanctions, and (3) imposed a $67 sanction against Rashid. He did not appeal.

---

conviction, the District Court subsequently revoked his supervised release in his 1993 case and sentenced him to 14 months in prison, to run consecutive to his 20-year sentence.

3

In 2016, Rashid moved the District Court for permission to file a Rule 60(b) challenge to the resolution of his § 2255 proceedings. The Government opposed that motion and asked the District Court to impose a $150 sanction against Rashid, asserting that his proposed Rule 60(b) challenge was an attempt to raise frivolous claims that the District Court and our Court had repeatedly rejected. The District Court subsequently entered an order that denied Rashid's motion for permission to file and granted the Government's request for a $150 sanction. Rashid appealed from that order, but we (1) denied a COA to the extent that one was required, and (2) summarily affirmed that order to the extent that a COA was not required. See C.A. No. 16-3836.

Undeterred, Rashid moved the District Court in 2019 for permission to file another Rule 60(b) motion attacking his § 2255 proceedings. In response, the Government asked the District Court to direct him to show cause why another sanction should not be imposed against him. On December 17, 2019, the District Court denied Rashid's request for permission to file this latest Rule 60(b) motion, noting that he had previously raised the argument presented in that motion, and that this argument lacked merit. In the same order, the District Court directed him to show cause why a $200 sanction should not be imposed against him. After Rashid filed his show-cause response, he filed a notice of appeal challenging the December 17, 2019 order. Our Clerk docketed that appeal at C.A. No. 20-1348.

4

Later, on April 6, 2020, the District Court entered an order that, among other things, imposed the $200 sanction against Rashid, vacated the 2013 filing injunction, and imposed a new filing injunction against him. The new filing injunction stated

> that all future motions and/or letters from *pro se* defendant related to [his 1993 case] that the Court concludes are frivolous or seek relief previously addressed and denied by the Court will not be docketed and will be returned to *pro se* defendant without further consideration. Any such motions that the Court concludes are frivolous or seek relief previously denied by the Court will subject *pro se* defendant to additional sanctions in increasing amounts.

(Dist. Ct. Order entered Apr. 6, 2020, at 2.)

Rashid then filed another notice of appeal, this time challenging the April 6, 2020 order. Our Clerk docketed this appeal at C.A. No. 20-2224, and a motions panel of this Court subsequently consolidated Rashid's two appeals and referred them to us for disposition.

## II.

We begin with Rashid's appeal at C.A. No. 20-1348, which, as noted above, challenges the District Court's December 17, 2019 order. Rashid must obtain a COA to the extent that this appeal challenges the part of that order that rejected his request to proceed with his serial Rule 60(b) attack on the resolution of his decades-old § 2255 proceedings. See Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 282-83 (3d Cir. 2021). But Rashid is not entitled to a COA, for he has not shown that reasonable jurists would debate that part of the District Court's order. Accordingly, we will deny a

COA in C.A. No. 20-1348.  See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To the extent that Rashid challenges any part of the December 17, 2019 order that does *not* require a COA, we will affirm that part, as we see no reason to disturb the District Court's decision.

III.

We now turn to the appeal at C.A. No. 20-2224, which challenges the District Court's April 6, 2020 order.  A COA is not required to proceed with this appeal, see Harbison v. Bell, 556 U.S. 180, 183 (2009), and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2]  We review a district court's imposition of a filing injunction for abuse of discretion.  See Brow v. Farrelly, 994 F.2d 1027, 1032 (3d Cir. 1993).

As we have previously explained, before a district court imposes a filing injunction, it "must give notice to the litigant to show cause why the proposed injunctive relief should not issue."  Id. at 1038.  And courts of appeals have indicated that a district court must also give notice and an opportunity to be heard before it modifies an existing

---

[2] In a case like this one, a notice of appeal must be filed within 60 days of the district court order in question.  See Fed. R. App. P. 4(a)(1)(B).  This requirement is "mandatory and jurisdictional."  Bowles v. Russell, 551 U.S. 205, 209 (2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)).  Here, the 60-day period for appealing from the District Court's April 6, 2020 order expired on Friday, June 5, 2020.  Although the District Court did not receive Rashid's notice of appeal until Monday, June 8, 2020, or later, this appeal is timely because he put his notice of appeal in the prison mail system *before* the June 5, 2020 deadline.  See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988).

filing injunction.  See Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 189 (5th Cir. 2008); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002).  In this case, the District Court did not give Rashid notice to show cause why the 2013 filing injunction should not be replaced with a new filing injunction.

The Government argues that no such notice was required in this case because the District Court's April 6, 2020 order "was not a material expansion of any sanction" and "did not broaden" the 2013 filing injunction.  (Appellee's Br. 23, 24.)  We disagree.  As we mentioned earlier, the 2013 filing injunction required Rashid to (1) request leave to file and (2) make certain certifications in support of that request.  Nothing in that order addressed how non-compliant filings would be handled or mentioned anything about the possible imposition of monetary (or other) sanctions.  On the other hand, the April 6, 2020 filing injunction explicitly states that non-compliant filings (i.e., those that "are frivolous or seek relief previously addressed and denied by the [District] Court") "will not be docketed and will be returned to [Rashid] without further consideration," and that any such filings "will subject [him] to additional sanctions in increasing amounts."  (Dist. Ct. Order entered Apr. 6, 2020, at 2.)

There is no question that the latter injunction has more teeth than the former.  And surely the District Court intended it to be this way, for despite that court's best intentions, the 2013 filing injunction had not stemmed the tide of Rashid's meritless and repetitive filings.  Because the terms of the District Court's new filing injunction are materially

more onerous than those set forth in the earlier injunction, we conclude that the District Court erred by not giving Rashid notice and an opportunity to respond before imposing the new injunction.[3]

In view of the above, we will vacate the part of the April 6, 2020 order that sets forth the terms of the new filing injunction, we will otherwise affirm that order,[4] and we will remand this case to the District Court with instructions to direct Rashid to show cause why the 2013 filing injunction should not be replaced with a more onerous one. Cf. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam) (vacating the district court's filing injunction and remanding "with instructions that the court give notice to [the appellant] to show cause why injunctive relief should not issue").[5] Although Rashid alleges that the presiding district judge in this case is biased against him, we find no merit to this allegation, and we see no reason for this case to be

---

[3] Although the Government contends that there is "ample" authority for its position that no notice was required, none of the cases cited in its brief held that a court need not provide notice when it replaces an existing filing injunction with a more onerous one.

[4] Rashid's opening brief does not meaningfully challenge the part of the April 6, 2020 order imposing a $200 sanction against him. Accordingly, he has forfeited his right to challenge that part of the order. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("It is well settled that a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)). And to the extent that he challenges the part of the April 6, 2020 order that denied his motion to amend the record on appeal in C.A. No. 20-1348 to include two 1993 transcripts that were already in the record, we see no reason to disturb that denial of relief.

[5] Rashid should in no way interpret our decision to remand in part as giving him license to continue to submit repetitive or frivolous filings.

reassigned to a different district judge on remand. To the extent that Rashid seeks any other relief from us, that relief is denied. Lastly, to the extent that the Government asks us to impose a filing injunction of our own against Rashid, that request is denied without prejudice to the Government's ability to refile it, if appropriate, in future litigation brought by Rashid in this Court.