**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1348
_____

SANDRA RUMANEK,
                                        Appellant

v.

SHERRY R. FALLON; DAVID G. CULLEY; TIMOTHY M. HOLLY; MARY I.
AKHIMIEN; MATTHEW F. BOYER; NICHOLAS W. WOODFIELD; BERNARD G.
CONAWAY; R. SCOTT OSWALD; SANDRA F. CLARK; JOSEPH J. RHOADES;
RICHARD R. COOCH; LOUIS J. RIZZO, JR.; CHARLES E. BUTLER; STATE OF
DELAWARE; SPILLAN, Delaware State Police Officer Spillan, IBM 770; MATT
DENN, Delaware Attorney General; SUSAN JUDGE; PATRICK O'HARE; ANNETTE
FURMAN; LISA AMATUCCI; ROBERT CRUIKSHANK
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:17-cv-00123)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2021

Before: MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed: December 15, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

District courts have at their disposal a variety of tools with which to bring order to a chaotic case. When a litigant persists in the misbehavior of vexatious litigation activity, specifically, a filing injunction may be the appropriate remedy. In this appeal we consider whether the District Court appropriately enjoined plaintiff-appellant Sandra Rumanek from further filings in a closed docket.

I.

Years ago, Rumanek sued her former employer in federal court. United States Magistrate Judge Sherry Fallon presided over the case. Rumanek lost at trial, and we affirmed the judgment on appeal. See Rumanek v. Indep. Sch. Mgmt., Inc., 619 F. App'x 71, 80 (3d Cir. 2015) (per curiam).

Alleging a conspiracy to thwart her litigation efforts in federal and state court, Rumanek later filed a pro se civil rights action against Judge Fallon and many others. After allowing Rumanek to amend her complaint for a sixth time, the District Court warned that it would "not entertain further requests to amend" and would strike any unauthorized filings. DC ECF No. 92 at 4.

Rumanek nevertheless sought leave to file a seventh and then eighth amended complaint.[1] The District Court responded by striking both filings and twice admonishing Rumanek that further violation of its prior order "may warrant imposition of sanctions."

---

[1] She also filed a mandamus petition, which we denied. See In re Rumanek, 740 F. App'x 20, 22-23 (3d Cir. 2018) (per curiam).

DC ECF No. 122 at 2; DC ECF No. 125 at 2. Proposed ninth and tenth amended complaints followed; the District Court struck those filings, too. It also granted outstanding dispositive defense motions and closed the case.[2]

Rumanek's next moves were to file proposed eleventh and twelfth amended complaints. The District Court entered an order denying leave to amend, and also observing that the case was closed and the motions were meritless. The District Court stated that it would "not entertain further filings, other than good-faith and nonfrivolous motions authorized by the Federal Rules of Civil Procedure, in the above-captioned action." DC ECF No. 152 at 2. But Rumanek had other plans; among other unauthorized filings, she sought leave to file a thirteenth and then fourteenth amended complaint.

The District Court entered an order on January 27, 2021. The order surveyed Rumanek's conduct in the case and observed that, despite prior admonitions, "Rumanek continues to file frivolous motions and various other documents," which "have become an unnecessary burden on the Clerk's Office." DC ECF No. 160 at 1-2. The District Court thus enjoined Rumanek "from further filing in the above-captioned action." Id. at 2. It also enjoined her "from emailing the Clerk of Court or the Chief Judge of this judicial district concerning the above-captioned action." Id. Rumanek appealed.[3]

---

[2] Rumanek's appeals of the District Court's judgment and an earlier ruling were dismissed as untimely. See Rumanek v. Fallon C.A. No. 19-2290, Doc. 48 (3d Cir. Feb. 11, 2020) (order); Rumanek v. Fallon, C.A. No. 19-2289, Doc. 53 (3d Cir. Feb. 6, 2020) (order). Before that, we had denied Rumanek's second mandamus petition related to this case. See In re Rumanek, 756 F. App'x 158, 160 (3d Cir. 2019) (per curiam).

[3] Rumanek appealed a virtually identical filing-injunction order entered in Rumanek v.

II.

We have jurisdiction under 28 U.S.C. § 1291. The District Court's January 27, 2021 order is reviewed for abuse of discretion. See In re Packer Ave. Assocs., 884 F.2d 745, 746-47 (3d Cir. 1989).

III.

As noted at the outset, the issue in this appeal is whether it was proper for the District Court to enjoin Rumanek from further filings in the case below.[4] In conducting our review, we are looking for the presence of three things: (1) "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) "notice to the litigant to show cause why the proposed injunctive relief should not issue"; and (3) narrow tailoring of the injunction "to fit the particular circumstances of the case." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Rumanek's conduct makes clear that she has exhibited no regard for the District Court's directives about permissible filings in the case below. So for the first requirement of Brow, we readily conclude that the conditions were ripe for consideration of a filing injunction. See id.; see also In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982) ("[A]

---

Independent School Management, Inc., DC Civ. No. 1:12-cv-00759 (D. Del). That appeal (C.A. No. 21-1349) is addressed in a separately issued opinion.

[4] Rumanek's request that we, in effect, review every order entered by the District Court is neither timely nor appropriate. Furthermore, insofar as Rumanek has not challenged on appeal the District Court's order to the extent it restricted her email communications with the District Court's Clerk and Chief Judge, she has forfeited the right to do so. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

4

continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court.").

We cannot say the same with respect to <u>Brow</u>'s second requirement. While the District Court only enjoined Rumanek after she repeatedly engaged in the very conduct it told her multiple times was prohibited and could result in "sanctions," the District Court did not warn Rumanek that continued disrespect of court orders may result in the specific sanction of a *filing injunction*. A general warning about "sanctions" may not adequately inform a litigant that her access to the courts may be curtailed. <u>Cf.</u> <u>Gagliardi v. McWilliams</u>, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam) (holding that request in defendants' Rule 11 sanctions motion for "other appropriate relief" was insufficient notice to pro se plaintiff that district court would impose filing injunction).

Furthermore, the District Court did not invite Rumanek to comment on the propriety of a filing injunction before the injunction was imposed. Show-cause proceedings are an effective way to elicit a litigant's arguments in opposition to a filing junction, but the lack of such formal proceedings may not always be dispositive. <u>Cf.</u> <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 334-35 (2d Cir. 1999). At a minimum, a litigant facing a filing injunction must be provided "some occasion to respond" to the potential restriction. <u>Gagliardi</u>, 834 F.2d at 83. That "occasion" is absent from the record on appeal here.

Accordingly, we must vacate the January 27, 2021 order and remand. See, e.g., id.; In re Oliver, 682 F.2d at 446.[5] Given that disposition, we need not and do not address the third requirement of Brow—narrow tailoring. At the same time, nothing in this opinion should be read to prevent the District Court from considering whether to reimpose the same filing injunction against Rumanek, provided that the District Court gives her notice and an opportunity to oppose the reimposition of that injunction.

IV.

For the reasons given above, we will vacate the District Court's January 27, 2021 order and remand for further proceedings consistent with this opinion. Appellees' motions for leave to file supplemental appendices and/or expand the record on appeal (Docs. 26, 31, 35, 39, 50, 60) are all denied.

---

[5] Appellees' attempts to distinguish Brow, Gagliardi, and Oliver—cases which counsel in favor of vacating a filing-injunction order entered without notice—are unavailing. True, those cases involved filing injunctions much broader than the case-specific one issued here. Cf. Brow, 994 F.2d at 1038; Gagliardi, 834 F.2d at 82; In re Oliver, 682 F.2d at 445. But the breadth of a filing injunction is germane to Brow's narrow-tailoring requirement, and to whether the notice *actually given* has sufficiently forecast for the litigant the severity of the injunction imposed. Those issues are not before us; we are tasked with resolving the comparatively simple question of whether Rumanek was provided *any* notice of a prospective filing injunction. Answering in the negative, we merely apply the rule from Brow, Gagliardi, and Oliver that notice of a filing injunction must precede its imposition.