**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1349
_____

SANDRA RUMANEK,
                                        Appellant

v.

INDEPENDENT SCHOOL MANAGEMENT INC.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:12-cv-00759)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2021

Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 15, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sandra Rumanek sued her former employer, Independent School Management, Inc. (ISM). She lost at trial, and we affirmed the judgment. See Rumanek v. Indep. Sch. Mgmt., Inc., 619 F. App'x 71, 80 (3d Cir. 2015) (per curiam). Rumanek filed a motion for relief from judgment, invoking several parts of Federal Rule of Civil Procedure 60. The District Court denied the motion; Rumanek appealed; and we granted ISM's motion for summary affirmance. See Rumanek v. Indep. Sch. Mgmt., Inc., 744 F. App'x 43, 46 (3d Cir. 2018) (per curiam).

Two years later, Rumanek filed a motion for reconsideration, which the District Court denied. Rumanek then filed a motion to amend her unsuccessful motion for reconsideration, and the District Court denied that motion, too. The District Court instructed Rumanek that it would "not entertain further filings, other than good-faith and nonfrivolous motions authorized by the Fede Rules of Civil Procedure, in the above-captioned action." DC ECF No. 236 at 2. In addition, the District Court instructed its Clerk of Court to again mark the case "CLOSED." Id.

Rumanek filed another motion for reconsideration, targeting several of the District Court's orders. The District Court did not rule on the new motion. Instead, it entered an order on January 27, 2021, enjoining Rumanek "from further filing in the above-captioned action." DC ECF No. 242 at 2. The order observed that "Rumanek continues to file frivolous motions and various other documents," id. at 1, despite the District Court's

admonition against doing so. The order also enjoined Rumanek "from emailing the Clerk of Court or the Chief Judge of this judicial district concerning the above-captioned action." Id. at 2. Rumanek appealed.[1]

We have jurisdiction under 28 U.S.C. § 1291. The District Court's January 27, 2021 order is reviewed for abuse of discretion. See In re Packer Ave. Assocs., 884 F.2d 745, 746-47 (3d Cir. 1989).

The issue in this appeal is whether it was proper for the District Court to enter an order enjoining Rumanek from filing anything further in the underlying case.[2] In conducting our review, we are looking for the presence of three things: (1) "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) "notice to the litigant to show cause why the proposed injunctive relief should not issue"; and (3) narrow tailoring of the injunction "to fit the particular circumstances of the case." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Brow's second requirement is dispositive here. The District Court provided Rumanek with no notice on the docket that her litigation conduct could merit a filing

---

[1] Rumanek appealed a virtually identical filing-injunction order entered in Rumanek v. Fallon, DC Civ. No. 1:17-cv-00123 (D. Del). That appeal (C.A. No. 21-1348) is addressed in a separately issued opinion.

[2] Rumanek's request that we, in effect, review every order entered by the District Court is neither timely nor appropriate. Furthermore, insofar as Rumanek has not challenged on appeal the District Court's order to the extent it restricted her email communications with the District Court's Clerk and Chief Judge, she has forfeited the right to do so. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

injunction. We acknowledge ISM's requests for fees and costs under the District Court's Local Rules. See, e.g., DC ECF No. 218 at 20 (arguing that "Rumanek should be required to pay ISM's fees and costs in responding to her Rule 60 motions," and requesting generally "such other further relief as the Court deems just and proper"). But those requests were hardly adequate substitutes—on their own or collectively—for notice of a prospective filing injunction.

The District Court, moreover, did not invite Rumanek to comment on the propriety of a filing injunction before the injunction was imposed. A litigant facing a filing injunction must be provided "some occasion to respond" to the potential restriction. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam). Unsurprisingly, without notice of the injunction, an "occasion" for Rumanek to address it is absent from the record.

For those reasons, the District Court abused its discretion, and we must vacate its January 27, 2021 order and remand for further proceedings consistent with this opinion. See, e.g., id.; In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982).[3]

---

[3] ISM's attempt to distinguish Brow, Gagliardi, and Oliver—cases which counsel in favor of vacating a filing-injunction order entered without notice—is unavailing. True, those cases involved filing injunctions much broader than the case-specific one issued here. Cf. Brow, 994 F.2d at 1038; Gagliardi, 834 F.2d at 82; In re Oliver, 682 F.2d at 445. But the breadth of a filing injunction is germane to Brow's narrow-tailoring requirement, and to whether the notice *actually given* has sufficiently forecast for the litigant the severity of the injunction imposed. Those issues are not before us; we are tasked with resolving the comparatively simple question of whether Rumanek was provided *any* notice of a prospective filing injunction. Answering in the negative, we merely apply the rule from Brow, Gagliardi, and Oliver that notice of a filing injunction must precede its imposition.