**DLD-017**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1311
_____

MARILYN KENT,
                              Appellant

v.

PHILADELPHIA D.H.S.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-02558)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted on Appellant's Motions to Reopen
and Motions for Leave to Appeal *In Forma Pauperis*,
and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 18, 2012

Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed: November 8, 2012)
_____

OPINION
_____

PER CURIAM

        In April 2011, Marilyn Kent, proceeding *pro se*, filed a complaint against

Philadelphia D.H.S.,[1] claiming, among other things, "home invasion, rape, weapons, child abuse . . . crime [and] corruption . . . [and] stalking." At one point, she identified the time at which the events occurred as "1985," although she also made references to "later," "1989," "2004," and 16 years from 1985 (or maybe from 1989). Philadelphia D.H.S. moved to dismiss her complaint under Rule 12(b)(6) for failure to state a plausible claim and as time-barred, or under Rule 8 for failure to include a short and plain statement of her claims, or, in the alternative, to strike the complaint under Rule 12(f) as unintelligible and redundant.

On the ground that the complaint, with its vague and redundant allegations and random legal citations, did not provide fair notice to the defendant, the District Court granted the motion without prejudice to the filing of an amended complaint. The District Court directed Kent to provide a short and plain statement of the basis for the court's jurisdiction, a short and plain statement of her claims, and where appropriate, the approximate dates of the events giving rise to her claims.

Kent filed an amended complaint in which she described similar events with similar dates. She alleged at least some of the terrible things she described resulted from Philadelphia D.H.S.'s failure to protect her and/or her children. Philadelphia D.H.S. filed another motion to dismiss, arguing that the claims appeared to be entirely speculative and

---

[1] The defendant that Kent identifies as "Philadelphia D.H.S." is the Department of Human Services of the City of Philadelphia. We will use Kent's abbreviation for convenience.

2

did not put the defendant on notice about what it needed to defend, and that the claims, to the extent they could be understood, were time-barred and failed as a matter of law. Kent responded by filing a "motion not to dismiss" in which she requested a trial and again presented the allegations from her complaint and amended complaint and cited various statutory provisions.

The District Court denied Kent's "motion not to dismiss" and granted Philadelphia D.H.S.'s motion to dismiss. The District Court dismissed Kent's amended complaint with prejudice, ruling that Kent had failed to state any claim upon which relief can be granted. More specifically, the District Court provided three bases for its ruling: (1) Kent's claims appeared to be entirely speculative and vague and failed to put the defendant on notice about what to respond to; (2) construing the claims in the light most favorable to Kent, the claims were barred by the applicable statutes of limitations; and (3) the claims failed as a matter of law because a civil action cannot be brought against a department or division of the City of Philadelphia.

Kent filed a notice of appeal. She was directed to pay the filing and docketing fees to the District Court or to submit a motion to proceed *in forma pauperis* ("*ifp*"). She submitted a *ifp* motion to the District Court, but not to us. Her appeal was dismissed for failure to pay the fees. She promptly refiled her *ifp* motion with us. She was notified that if she wished for her *ifp* motion to be considered, she had to file a motion to reopen. Shortly thereafter, she filed her motion to reopen. When she was notified that if she were granted *ifp* status, we would consider her appeal for possible dismissal pursuant to 28

3

U.S.C. § 1915(e)(2) and possible summary action pursuant to our Local Rule 27.4 and I.O.P. 10.6, she filed another motion requesting *ifp* status and another motion to reopen her appeal.

We grant Kent's first motion to reopen, see 3rd Cir. L.A.R. Misc. 107.2, and her first motion to proceed *ifp*, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). We deny her second motion to reopen and second motion to proceed *ifp* as unnecessary. We have jurisdiction over her appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's decision is plenary. McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). Upon review, we will summarily affirm the District Court's decision because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

As the District Court noted, Kent's allegations were vague and did not properly put the defendant on notice. Also, to the extent that any claims can be discerned from the pleading, it is clear from the face of the amended complaint that they are barred by the applicable statute of limitations. Kent's claims made pursuant to 42 U.S.C § 1983, as well as any state law claims, are governed by 42 Pa. Cons. Stat. § 5524(2), Pennsylvania's two-year statute of limitations for tort actions. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). They accrued when she knew or should have known of the injuries on which her claims are based. See Sameric Corp. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Considering her allegations, Kent knew of any injuries at the times described in her complaint, for some, that was as long ago as 1985, for others, it was in 2004 or 2005 (or maybe 2006 at the latest). Even if the statute of limitations for all her

4

claims did not begin to run until the latest date she described, her claims, first presented to the District Court in April 2011, were time-barred. Accordingly, the District Court properly granted Philadelphia D.H.S.'s motion, denied Kent's motion, and dismissed Kent's amended complaint.[2] See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). We will affirm the District Court's decision.

---

[2] We also agree with the District Court that Philadelphia D.H.S., separate from the City of Philadelphia, was not a proper defendant. 53 P.S. § 16257.