BLD-177 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3428
_____

MARILYN KENT,
                                        Appellant

v.

PHILADELPHIA DEPARTMENT OF HUMAN SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02710)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2020
Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: May 14, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Marilyn Kent appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania that imposed a filing injunction.[1] For the reasons discussed below, we will affirm.

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts can impose filing injunctions on litigants who have engaged in abusive, groundless, and vexatious litigation. See Chipps v. U.S. Dist. Court for Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989). Such an injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). We have recognized that a filing injunction is an

---

[1] In the District Court's underlying order dismissing Kent's complaint as barred by the statute of limitations, the District Court ordered Kent to show cause why a filing injunction based on her allegations should not be imposed. Kent had 30 days to file a notice of appeal directed at the original dismissal of her complaint. See Fed. R. App. P. 4(a)(1)(A). The time limit for filing a notice of appeal is "mandatory and jurisdictional." Bowles v. Russell, 551 U.S. 205, 209 (2007) (citation omitted). Fifty-three days after the District Court's order, she filed a response to the order to show cause, which stated, in part, that she wished to appeal the dismissal of her complaint. Kent's response was not docketed in the District Court as a notice of appeal, and we do not construe it as a timely filed notice of appeal. We note that nothing in Kent's response can be construed as a request for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). The dismissal order was a final judgment on the merits, despite the outstanding collateral issue of the filing injunction. See 28 U.S.C. § 1291 (vesting jurisdiction in courts of appeals over "final decisions" of the district courts); Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200 (1988) (holding that a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, and that a question remaining to be decided after entry of such a decision does not affect its finality). Therefore, because Kent did not file a notice of appeal within 30 days of the dismissal order, we lack jurisdiction to review the dismissal of her complaint.

extreme measure that must "be narrowly tailored and sparingly used." In re Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989). Indeed, "[t]he broad scope of the District Court's power . . . is limited by two fundamental tenets of our legal system – the litigant's rights to due process and access to the courts." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Consequently, a district court must comply with certain requirements when imposing a filing injunction: (1) the order should be entered only in exigent circumstances, such as when a litigant continually abuses the judicial process by filing meritless and repetitive actions; (2) the district court must give notice to the litigant to show cause why the proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case. Id. We review the imposition of such a filing injunction for abuse of discretion. See Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987).

The District Court was justified in holding that exigent circumstances existed, as Kent has repeatedly asserted claims against the Philadelphia Department of Human Services ("Philadelphia DHS") related to the same disturbing allegations, including the alleged rape of herself and her daughter in the 1980s, which resulted in Kent becoming pregnant; the rapist's alleged abduction of her baby daughter, also in the 1980s, after he was granted visitation rights by Philadelphia DHS; and the rapist's alleged attack against either Kent or her daughter with a tire iron. See Kent v. Philadelphia D.H.S., 2019 WL 2137436 (E.D. Pa. May 15, 2019); Kent v. Philadelphia D.H.S., Civ. A. No. 11-2558 (E.D. Pa. Jan. 19, 2012), affirmed on appeal, 503 F. App'x 128 (3d Cir. Nov. 8, 2012).

3

Despite the disturbing nature of these allegations, Kent's claims against Philadelphia DHS have been dismissed at least three times as barred by the statute of limitations because the alleged events occurred in the 1980s. The District Court reasonably concluded that these repeated, meritless lawsuits predicated on the same allegations warranted restrictions on Kent's litigating opportunities.

The District Court also gave Kent ample notice. In the order dismissing the case that gave rise to this injunction, the Court ordered her to show cause why the injunction should not issue, laying out with specificity the injunction being considered by the Court. Kent's response was untimely. However, the District Court considered it before entering the injunction, and reasonably addressed issues raised therein. Thus, the notice requirement was followed.

We further conclude that the injunction was properly narrow in scope, enjoining Kent only from "filing any more civil actions concerning the identical, untimely allegations she has raised in Civil Actions 19-2710, 19-1598, and 11-2558, namely claims based on: her being raped, impregnated by a rapist, stalked, and assaulted with a tire iron; her daughter being raped, assaulted, kidnapped, and having to undergo visitations with a 'registered child abuser.'" (Dkt. No. 7 at 1). Under the injunction, Kent retained the right to file lawsuits based on other allegations against Philadelphia DHS or any other defendant. For example, the District Court quoted from Kent's response to the order to show cause an assertion that "in 2018, Marilyn Kent, mother of baby daughter of rape, found via internet her baby daughter and contacted the Special

4

Victims Unit." The Court noted that this allegation did not appear in the complaint in this action; that, although perhaps timely, the allegation did not establish cause to permit the continued filing of claims substantively identical to claims previously dismissed; and that, to the extent Kent believed events occurring in 2018 gave rise to claims distinct from those already dismissed, "nothing in [the injunction order] should be construed to bar Kent from accessing the Court to file such claim."[2] This is an appropriately narrow injunction. See Farguson v. MBank Houston, N.A., 808 F.2d 358, 360 (5th Cir. 1986) (upholding injunction that related "only to the same claims against the same defendants" and did not prohibit "[o]ther claims or claims against other parties.").

In sum, we conclude that the District Court did not abuse its discretion in issuing the injunction. Accordingly, we will summarily affirm. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

---

[2] We note that Kent did allude to the 2018 event twice in her complaint, albeit somewhat incoherently. She alleged: "September 2018 mother finds daughter DA (Phila) states by Michael Roche conditioned" and "Abducted by registered child abuser for 16 years – found 2018 – and now conditioned, scared to death to talk to police and my mothers rights are negated!" However, we have not considered the import, if any, of these allegations because, as noted, we do not have jurisdiction to review the dismissal of the complaint. In any event, the District Court specifically exempted these allegations from the injunction, and Kent is free to raise them in a future action if she so chooses.