**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1171 & 21-1172
_____

In re:  MAC TRUONG,
                              Debtor

MAC TRUONG

v.

ROSEMARY I. MERGENTHALER; R. KENNETH BARNARD

Mac Truong,
                    Appellant in No. 21-1171

Rosemary I. Mergenthaler,
                    Appellant in No. 21-1172
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-00074)
District Judge:  Honorable Kevin McNulty
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2021
Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: August 5, 2021 )

_____

OPINION[*]

_____

PER CURIAM

Before the Court are consolidated appeals brought by pro se appellants Mac Truong and Rosemary I. Mergenthaler challenging an order of the District Court granting a filing injunction and affirming the Bankruptcy Court for the District of New Jersey's order in an adversary proceeding. That order denied Truong's motion for reconsideration and Truong and Mergenthaler's joint motion to sanction the Bankruptcy Trustee, and granted the Bankruptcy Trustee's motion for a filing injunction. For the following reasons, we will summarily affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

This is the second time that we have considered an appeal stemming from the underlying adversary proceeding. We previously affirmed the District Court's order affirming the Bankruptcy Court's dismissal of Truong's adversary proceeding. See In re Truong, 763 F. App'x 150, 154 (3d Cir. 2019).[1] We determined that the adversary

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] At that time, we set forth the facts and procedural history underlying the matter; we need not repeat them here. We note generally that Appellants have sought unsuccessfully (in multiple federal courts) to obtain an order directing the Trustee in Mergenthaler's Chapter 7 bankruptcy, Kenneth Barnard, to return assets from the bankruptcy estate to which they claim they are entitled. Also, Truong has been enjoined by the District Court for the Eastern District of New York and the Bankruptcy Court from interfering with Mergenthaler's bankruptcy proceedings. See Truong, 763 F. App'x at 152 n.1; D.N.J. Bankr. Ct. 16-ap-01618, Doc. No. 22 at 4-5.

2

proceeding was not barred by the <u>Rooker-Feldman</u> doctrine,[2] but that Truong was barred under the <u>Barton</u> doctrine[3] from instituting the adversary proceeding against Barnard, as Trustee, without first obtaining leave from the Bankruptcy Court for the Eastern District of New York. See <u>id.</u> at 153. As we explained, "the <u>Barton</u> doctrine is jurisdictional in nature," and, therefore, the Bankruptcy Court lacked jurisdiction to consider the adversary proceeding. <u>Id.</u> at 154 (quoting <u>Satterfield v. Malloy</u>, 700 F.3d 1231, 1234 (10th Cir. 2012)). We also affirmed the dismissal of the proceeding against Mergenthaler, noting that it was void in light of the automatic stay in her bankruptcy proceedings. <u>Id.</u> (citing 11 U.S.C. § 362(a)(1)). Finally, we agreed with the Bankruptcy Court's conclusion that the adversary proceeding is "precisely the type of vexatious and destructive litigation that the <u>Barton</u> doctrine was intended to protect against," and admonished Truong that he would be subject to sanctions if he continued to file frivolous "appeals from motions or other pleadings that are designed to circumvent the injunctions imposed by other courts or other actions."[4] <u>Id.</u>

Within weeks of the issuance of this Court's mandate, Truong filed a motion for reconsideration with the Bankruptcy Court, as well as a joint "Contempt Motion" with

---

[2] See <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923).

[3] This common law doctrine stems from <u>Barton v. Barbour</u>, in which the Supreme Court barred suit against a receiver unless "leave of court by which he was appointed [was] obtained." 104 U.S. 126, 128 (1881). The <u>Barton</u> doctrine extends to lawsuits against a bankruptcy trustee. <u>In re VistaCare Grp., LLC</u>, 678 F.3d 218, 224 (3d Cir. 2012).

3

Mergenthaler seeking sanctions against Barnard, including his arrest and incarceration. The Bankruptcy Court denied both motions, and, noting the parties' lengthy history of duplicative and vexatious litigation, granted Barnard's cross-motion for a broad filing injunction. The Court enjoined Truong and Mergenthaler from making any filings against Barnard or his counsel, or any filing related to the adversary proceeding or the Mergenthaler bankruptcy case, without prior leave of the Court. Truong appealed to the District Court.[5]

On appeal, Truong filed a motion, purportedly brought pursuant to Fed. R. Civ. P. 56, seeking the return of over $3 million in assets which had been distributed through Mergenthaler's bankruptcy. He and Mergenthaler filed a lengthy joint certification in support of the motion. Barnard filed a cross-motion for a filing injunction, and Truong cross-moved for sanctions, attaching a joint certification from him and Mergenthaler. The District Court affirmed the Bankruptcy Court's order and denied the Rule 56 motion and the motion for sanctions against Barnard. In the same order, the District Court granted Barnard's motion for a filing injunction against Truong and Mergenthaler.[6]

---

[4] Truong's subsequent petitions for panel rehearing and rehearing en banc were denied.
[5] The Bankruptcy Court's injunction also prohibited Truong and Mergenthaler from filing an appeal without prior leave of that Court. Along with his notice of appeal, Truong filed a motion for leave to appeal. Although the Bankruptcy Court did not rule on the motion, the Clerk of the Bankruptcy Court transmitted the appeal to the District Court.

[6] The District Court's order granted Barnard's request to "enjoin Truong and Mergenthaler from filing any complaint, motion or pleading seeking relief against the Trustee or any of his counsel or relating to the Mergenthaler bankruptcy case in [the District] Court, without prior leave of [that] Court made by separate application." D.N.J.

4

Truong and Mergenthaler appeal from that order.[7]

The District Court had jurisdiction to review the Bankruptcy Court's final order under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "Because the District Court acted as an appellate court, we review its determinations de novo." Shearer v. Titus (In re Titus), 916 F.3d 293, 299 (3d Cir. 2019).

We agree with both the Bankruptcy and District Courts that the motion for reconsideration was untimely, whether construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), see Fed. R. Bankr. P. 9023 (incorporating Rule 59), or a motion for relief from judgment under Fed. R. Civ. P. 60, see Fed. R. Bankr. P. 9024 (making Rule 60 applicable to bankruptcy cases).[8] Under the Bankruptcy Rules, a party has only 14 days to file a Rule 59(e) motion, not the 28 days permitted by the Federal Rules of Civil Procedure. Compare Fed. R. Bankr. P. 9023 (14 days), with Fed. R. Civ.

---

Civ. No. 2-20-cv-00074, ECF No. 8-1 at 8.

[7] Although Appellants filed separate appeals from the same District Court order, Truong appeals from the order in its entirety, while Mergenthaler's appeal is limited to the extent that she is aggrieved by the order. See In re Combustion Engineering, Inc., 391 F.3d 190, 215 (3d Cir. 2004) (citing In re Fondiller, 702 F.2d 441, 443 (9th Cir. 1983) (recognizing that "[e]fficient judicial administration requires that appellate review [in bankruptcy proceedings] be limited to those persons whose interests are directly affected")). Therefore, because she did not appeal to the District Court from the Bankruptcy Court's order, we consider only her arguments that relate to the District Court's injunction against her. We nevertheless believe the appeals present similar issues of fact and law, and therefore have consolidated them for all purposes. See Fed. R. App. P. 3(b)(2).

[8] The Bankruptcy Court properly construed the basis for the motion for reconsideration as "mistake or possibly fraud," which brought it within the ambit of Fed. R. Civ. P. 60(b)(1) and (3).

5

P. 59(e) (28 days). And, as applicable here, the Rule 60(b) motion was required to be filed within a year of the Bankruptcy Court's judgment. See Fed. R. Civ. P. 60(c)(1). The motion for reconsideration was filed on June 25, 2019, more than two and a half years after the District Court's November 2016 order. Contrary to Truong's argument, that order was final upon entry, and its finality was unaffected by his prior appeal. See In re Louisiana World Exposition, Inc., 832 F.2d 1391, 1395-96 (5th Cir. 1987) (holding that an order dismissing an adversary proceeding is a final order); In re Porter, 961 F.2d 1066, 1072 (3d Cir. 1992) (noting that "when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order") (citation omitted); see also Restatement (Second) of Judgments § 13(f) (1982) (noting that "a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo").

We also find frivolous Truong's argument that this Court's decision reversed the Bankruptcy Court's judgment against Barnard because we disagreed that Rooker-Feldman applied. Our decision did not find merit with the claims against Barnard, as Truong maintains it did. Rather, as the Bankruptcy Court noted, we upheld the dismissal of the adversary proceeding against Barnard on the basis of the Barton doctrine. Accordingly, we will summarily affirm the District Court's order to the extent it affirmed the denial of the motion for reconsideration.[9]

---

[9] The Bankruptcy Court also correctly noted that Truong presented the same arguments in support of his motion for reconsideration that he presented in his petitions for rehearing

6

We also affirm the denial of Appellant Truong's "Rule 56 motion," which largely sought the same relief against Barnard that was sought by the complaint in the adversary proceeding. As such, it was outside the limited scope of the appeal from the Bankruptcy Court. See 28 U.S.C. § 158(a)(1). In any event, we agree that the motion was barred by the Barton doctrine, notwithstanding the fact that Mergenthaler's bankruptcy estate was by then fully administered. See 5 William L. Norton, III, Norton Bankruptcy Law and Practice § 99:23 (3d ed. 2021) (noting that "an action against a trustee is a 'core' proceeding, even if the estate has been fully administered"); cf. In re Lowenbraun, 453 F.3d 314, 321 (6th Cir. 2006) (noting that "there is no bright-line rule dictating that once an estate has been fully administered a trustee cannot avail himself of the federal court's bankruptcy jurisdiction") (citation omitted).

Finally, the District Court did not err in affirming the imposition of a filing injunction against Truong, and it did not abuse its discretion in imposing a filing injunction against both Appellants. See Abdul–Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). They have persisted with claims against Barnard which various federal courts have found to be meritless, violative of an injunction, and/or barred by the Barton doctrine. Although an injunction is an extreme measure, it was appropriate here, particularly in light of Appellants' increasingly abusive and vexatious filings.[10] See In re

---

with this Court. See D.N.J. Bankr. Ct. No. 16-ap-01618, ECF No. 54 at 6-8.

[10] In their filings, Appellants have alleged that Barnard committed numerous crimes, including grand larceny, extortion, blackmail, and felony murder, as part of a "Judicial Organized Crime ("JOC") unit," acting in concert with various judges who issue "fake

Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989). Moreover, the injunctions comported with due process; Appellants were put on notice by Barnard's motions for an injunction and were provided an opportunity to respond, see Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (holding that a motion describing the sanctionable conduct and the source of authority for the sanction provided notice); cf. Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (concluding that a motion with a more general request was insufficient to give notice), and each Court narrowly tailored the injunction to fit the circumstances of this case. See Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Based on the foregoing, we conclude that this consolidated appeal presents no substantial question. See 3d Cir. I.O.P. 10.6. To the extent that Truong makes frivolous arguments in support of his appeal from the denial of his clearly untimely motion for reconsideration, he disregards this Court's limited resources and its prior admonishment. Accordingly, notice is hereby given of the intention of this Court to impose sanctions against Truong, and he is directed to show cause, within thirty days from the date of entry of this judgment, why a writ of injunction should not issue enjoining him from filing any appeal, original action, petition for rehearing, or motion to reopen in this Court related to the assets in Mergenthaler's bankruptcy estate or issues resolved in the adversary proceeding underlying this appeal without first obtaining prior approval. Mergenthaler is

orders." D.N.J. Civ. No. 2:20-cv-00074, ECF No. 7; D.N.J. Bankr. Ct. No. 16-ap-01618, ECF No. 41; see also Appellants' "Motion for Summary Judgment under FRCvP56."

advised that she will be subject to sanctions by this Court if she continues to file appeals from motions or other pleadings that are designed to circumvent the injunctions imposed by other courts or other actions that this Court deems frivolous.[11]  The judgment of the District Court will be summarily affirmed.

---

[11] Appellants' "Motion for Summary Judgment under FRCvP 56" and motions to file a "reply certification" in excess of the applicable page limitations are denied.  Appellant Mergenthaler's motion for a "[t]hree-[m]onth [a]djournment" or alternatively to vacate the May 13, 2021 order consolidating these appeals is denied.  Ruediger Albrecht's motion for leave to intervene is denied.