**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2445
_____

ZIA HASSAN SHAIKH,
                                        Appellant

v.

STATE OF NEW JERSEY-DEPARTMENT OF BANKING & INSURANCE,
DIVISION OF INSURANCE; JOHN/JANE DOE, Employee Defendants; MARLENE
CARIDE, Commissioner, in Her Official & Individual Capacity; STATE OF NEW
JERSEY-REAL ESTATE COMMISSION; MR. AURELIO ROMERO, Executive Di-
rector in Her Official & Individual Capacity; MS. LAUREN GLANTZBERG, Supervisor
of Investigations in Her Official & Individual Capacity; BRIAN M. THORN, ESQ., At-
torney; WHITE, FLEISCHNER & FINO LAW FIRM;
NEW JERSEY- DAG RYAN SCHAFFER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:19-cv-14092)
District Judge: Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 19, 2025

Before: BIBAS, CHUNG, and BOVE, Circuit Judges

(Opinion filed: January 22, 2026)
_____

———————

OPINION[*]

———————

PER CURIAM

Zia Shaikh appeals pro se from the District Court's order denying his motion filed pursuant to Federal Rule of Civil Procedure 60(b) and (d) as well as its order denying reconsideration of that decision and imposing a filing injunction. For the reasons that follow, we will affirm.

I.

In 2019, Shaikh filed a complaint in the District Court related to the revocation of his New Jersey licenses to produce insurance and to sell real estate. His complaint named the state defendants involved in the revocation, and he later named as defendants the private attorneys who represented him in connection with the revocation. Among other things, Shaikh alleged that the defendants' actions were wrongfully motivated by his ethnicity and religious beliefs.

In April 2024, the District Court dismissed some of Shaikh's claims with prejudice, dismissed the remaining claims without prejudice, and permitted Shaikh to seek leave to file an amended complaint as to those claims, which were brought under state tort law and under 42 U.S.C. §§ 1981 and 1983. In December 2024, the District Court

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

denied Shaikh's motion to amend and dismissed the remaining claims with prejudice, concluding that Shaikh had not cured the deficiencies identified in the original complaint.

Among other deficiencies, the District Court determined that the claims against the private attorneys were time-barred, the claims against the state defendants were mostly barred on immunity grounds, and the claims against the state employees in their individual capacities failed because Shaikh did not plead sufficient facts to show their personal involvement in the alleged wrongs. Shaikh then filed a motion for reconsideration, which the District Court denied on April 30, 2025, concluding that Shaikh's arguments were primarily "regurgitations of prior arguments" that the court had considered and rejected. ECF No. 81 at 12. The District Court's order also denied Shaikh's motion to recuse the District Judge based on a separate lawsuit that Shaikh had filed against her. And the District Court denied the defendants' motion for a broad filing injunction, but warned that the court was "troubled" by Shaikh's "repeated efforts to file frivolous motions in this case." Id. at 15. The District Court stated that Shaikh "is on notice" that the court would impose a filing injunction if he continued "to abuse the judicial process." Id. at 15. Shaikh did not then file a timely notice of appeal from the April 30, 2025 order.

Over two months later, on July 12, 2025, Shaikh filed a motion to reopen the case under Federal Rule of Civil Procedure 60(b)(1), (b)(3), (b)(6), and (d)(3). On July 15, 2025, the District Court entered a text order denying the motion and concluding that Shaikh had merely repeated his disagreement with the District Court's prior rulings. The order warned Shaikh that "the Court will issue a filing injunction" if he continued to file repetitive motions based on the same disagreements with the District Court's rulings.

3

ECF No. 84. That same day, Shaikh filed a motion for reconsideration of the July 15, 2025 order. Shaikh also made arguments for why a filing injunction should not issue. On July 17, 2025, the District Court entered a text order denying the motion for reconsideration, explaining that Shaikh had again merely repeated his prior disagreement with the District Court's rulings. The District Court's order also imposed a filing injunction "in this case." ECF No. 86. On July 27, 2025, Shaikh filed a notice of appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011). Because Shaikh's notice of appeal is timely only as to the District Court's July 15, 2025 order denying his Rule 60 motion, and the July 17, 2025 order denying reconsideration of that motion and imposing a filing injunction, our jurisdiction is limited to reviewing those orders. See Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 209–14 (2007); see also Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review.").[1] We review for abuse of discretion the District Court's denial of the Rule 60(b) and (d) motion in this case, the denial of reconsideration, and the imposition of the filing injunction. See Jackson, 656 F.3d at 162;

---

[1] After filing his notice of appeal in this case, Shaikh was denied relief that he sought from District Court Chief Judge Bumb, who denied his request via a letter order on July 28, 2025. Because Shaikh did not file a new or amended notice of appeal from that order, we lack jurisdiction to review it. Cf. Manivannan v. U.S. Dep't of Energy, 42 F.4th 163, 169 n.1 (3d Cir. 2022).

4

Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990).

## III.

We agree with the District Court's determination that Shaikh failed to set forth any grounds for relief under Rule 60(b) and (d). Shaikh merely repeated arguments that he had previously made regarding the merits of his complaint. For example, he argued that his claims were timely and that the District Court had erred in its sovereign immunity analysis. These are arguments that he could have raised via a timely appeal of the District Court's order dismissing his complaint with prejudice. See Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal); see also Kemp v. United States, 596 U.S. 528, 538 (2022) (declining to define Rule 60(b)'s "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b) motions alleging errors that could have been raised in a timely appeal).

To the extent that Shaikh's motion was based on alleged fraud or misconduct due to the District Judge's failure to recuse, we agree that this was not a basis for relief here. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (rejecting argument that district judge should have recused herself simply because the plaintiff had sued her in another case).[2] Because Shaikh's motion for reconsideration merely repeated the same arguments, the District Court properly denied it. See Lazaridis, 591 F.3d at 669

---

[2] To the extent that Shaikh has requested mandamus relief based on his argument that the District Judge's recusal was warranted, we deny the request, for the same reasons we provided when we denied his prior mandamus petition seeking the same relief. See C.A. No. 25-1928.

5

(holding, where litigant "advanced the same arguments that were in his complaint and motions," that "this is not a proper basis for reconsideration").

Finally, the District Court's imposition of a limited filing injunction in this case was not an abuse of discretion. A court may impose an injunctive order on a litigant if: (1) the litigant has been continuously abusing the judicial process; (2) the court provides notice and an opportunity to respond; and (3) the scope of the injunction is "narrowly tailored to fit the particular circumstances of the case before the District Court." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).

Here, on the first prong, we agree with the District Court's repeated observations that Shaikh had abused the judicial process by submitting repetitive and frivolous filings. With respect to notice, in April 2025, when the District Court denied the defendants' request for a broad filing injunction, the court stated that Shaikh "is on notice" that the court would impose a filing injunction if he continued "to abuse the judicial process." ECF 81 at 15. The District Court reiterated that notice in its July 15, 2025 order, which specifically stated that "the Court will issue a filing injunction" if Shaikh continued to file repetitive motions based on the same disagreements with the District Court's rulings. ECF No. 84. Shaikh's motion for reconsideration included a response arguing why the injunction should not issue, and in the July 17, 2025 order imposing the filing injunction, the District Court cited that document. While it may be preferable, in the ordinary course, to issue "an order to show cause why the injunction should not issue," Brow, 994 F.2d at 1039, the lack of such formal proceedings is not dispositive under the specific circumstances of this case. Cf. Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323,

6

334–35 (2d Cir. 1999).  Here, where Shaikh in fact filed a response that was considered by the District Court, we conclude that he was afforded notice and the "occasion to respond" to the potential filing restriction.  Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987) (per curiam).  As to the third prong, the filing injunction that the District Court imposed was narrowly tailored to this specific case.  See Brow, 994 F.2d at 1038.  Thus, the District Court did not abuse its discretion in imposing the injunction.

Accordingly, we will affirm.  In light of our disposition, all of Shaikh's motions are denied, including his motions seeking relief from the District Court's filing injunction and seeking sanctions against the Appellees.